IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-2457-SBP

ANNETTE MARTIN,

Plaintiff,

v.

IGNACIO CRUZ-MENDOZA, MANRIQUE AGRAMON, MONIQUE TRUCKING,

Defendants.

---

**DEFENDANT SEARING INDUSTRIES WYOMING, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF 10-1]**

---

Defendant Searing Industries Wyoming, Inc. (Searing or Defendant) submits the following motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

### I. Procedural History and Conferral

As discussed in Searing's Notice of Additional Pleading and Parties, Searing was added as a defendant via an amended complaint filed in state court before this matter was removed to federal court. ECF 10 at 1-2. After the notice of removal was filed, Searing was purportedly served with a copy of the summons and amended complaint. If service of the amended complaint was valid, which Searing does not concede, Searing's answer or motion is due today.

Pursuant to D.C.COLO.LCivR 7.1(a) and Section V(9) of the U.S.D.C. for the District of Colorado's Uniform Practice Standards of the U.S. Magistrate Judges, Searing's counsel has repeatedly attempted to confer with Plaintiff's counsel about how to address the case's unusual posture as well as amendments to the amended complaint that would render this motion unnecessary. These conferral attempts consist of: (1) August 19 – voicemail; 2) August 20 – phone

1

call followed via e-mail; (3) August 22 – e-mail; (4) August 25 – telephone call to Plaintiff's counsel's office at which time the undersigned spoke to "Robin" who advised the undersigned could leave another voicemail, but Plaintiff's counsel was more likely to respond to e-mail. The undersigned specifically inquired whether Plaintiff's counsel was unavailable due to a trial, extended absence from the office, etc., and was told that was not the case; (5) August 25 – e-mail transmitting a conferral letter; (6) August 26 – voicemail; (7) August 27 – e-mail; and (8) August 28 – phone call and e-mail. Copies of the written conferral attempts are attached as Searing's Exhibit A. There was no response to these conferral efforts. Defendant's counsel did receive an out of office e-mail stating one of Plaintiff's two named counsel was out on medical leave and, thus, has primarily attempted to contact the other counsel for Plaintiff.

## II.     Introduction

This case stems from a June 11, 2024, motor vehicle accident involving an 18-wheeler semi-truck and multiple cars. One of the cars involved was driven by Plaintiff Annette Martin (Plaintiff). Plaintiff alleges that the driver of the 18-wheeler, Defendant Ignacio Cruz-Mendoza (Driver), was driving without a license, speeding, and caused the accident. Plaintiff initially sued the Driver and his alleged employers, Defendants Manrique Agramon and Monique Trucking, LLC. Plaintiff then amended her Complaint to bring claims against amongst others, including Searing.

Searing was merely the entity that owned the products that were being hauled by the Driver's truck at the time of the accident. Plaintiff has asserted claims against Searing for negligence, negligence per se, negligent entrustment, and exemplary damages. However, there are no well-pled factual allegations that, if accepted as true, would support any of these claims or make them even plausible. Shipping products or merely loading them onto a commercial truck

owned, operated, and controlled by other entities is not actionable conduct. The claims against Searing should be dismissed.

In addition, Plaintiff asserts a claim for exemplary damages that is improper at this juncture.

### III.     Standard of Review

In adjudicating a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations as true; however, courts "are not bound to accept as true a legal conclusion couched as a factual allegation". <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>citations omitted</u>). A claiming party is required to assert "more than labels and conclusions" when providing "the grounds of his entitle[ment] to relief." <u>Id.</u> Moreover, a formulaic recitation of the elements of a cause of action will not do…." <u>Id.</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The burden to establish a plausible claim is met only when the claiming party has pled sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> The burden is on the claiming party to plead enough factual matter to suggest an entitlement to relief if the claims are taken as true and factual allegations "must be enough to raise a right to relief above the speculative level." <u>Robbins v. Okla.</u>, 519 F.3d 1242, 1247 (10th Cir. 2008). If allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the claiming party has not sufficiently advanced claims from a conceivable level to meet the required standard for plausibility. <u>Id.</u>

When examining a claim for relief in response to a motion to dismiss under Rule 12, the court must "disregard conclusory statements and look only to whether the

remaining factual allegations plausibly suggest the defendant is liable." <u>Khalik v. Un. Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012). The "plausibility" pleading standard requires a plaintiff's Complaint to allege "more than a sheer possibility that a defendant has acted unlawfully." <u>Connelly v. Lane Constr. Corp.</u>, 809 F.3d 780, 786 (3rd Cir. 2016).

Dismissal is appropriate under F.R.C.P. 12(b)(6) if the factual allegations in the complaint are legally insufficient to state a claim. <u>Brokers Choice of Am., Inc. v. NBC Universal</u>, 861 F.3d 1081, 1104-05 (10th Cir. 2017).

## IV. Argument

### A. Plaintiff Fails to Allege A Plausible Factual Basis For Any Claim Against Searing.

The amended complaint contains the following factual allegations against Searing:

1. "Searing Industries Wyoming, Inc. shipped and loaded the truck." ECF 10-1 at 3, ¶ 26.

2. "This crash would not have happened but for Searing Industries Wyoming, Inc. shipping and loading Mr. Cruz-Mendoza's truck." <u>Id.</u> at ¶ 32.

3. "Searing Industries Wyoming, Inc. is responsible for imporperly [sic] loading and overseeing shipment giving rise to this litigation." <u>Id.</u> at 6, ¶ 69.

4. "Searing Industries Wyoming, Inc. is responsible for negligently planning and overseeing the shipment giving rise to this litigation." <u>Id.</u> at ¶ 70.

These bare statements are insufficient to support a claim of negligence, negligence per se, negligent entrustment, or punitive damages.

#### 1. There are no factual allegations that could plausibly be considered negligent conduct.

Negligence requires a showing of a duty, a breach of that duty, an injury to plaintiff, and that the claimed breach caused plaintiff's injury. <u>N.M. v. Trujillo</u>, 397 P.3d 370, 374 (Colo. 2017).

Here, the allegations against Searing are conclusory in nature. Plaintiff asserts that Searing "is responsible for [improperly] loading and overseeing shipment" and "is responsible for negligently

4

planning and overseeing the shipment". ECF 10-1 at 3, ¶ 26 and 6, ¶ 70. But Plaintiff provides no well-pled factual allegations to plausibly support those conclusions. There are no facts presented to explain how Searing might have loaded, planned, or oversaw the shipment in a way that could be improper. There are no allegations explaining how whatever Searing might have done as part of the undescribed loading, planning, or oversight processes might have caused or contributed to the accident. The only allegation in the amended complaint suggesting how the accident occurred relates to speed – the Driver was travelling 80 MPH in a 45 MPH zone. Id. at 2, ¶ 4. That has nothing to do with the loading of products or the planning for shipment. Moreover, Plaintiff alleges the truck was owned by someone other than Searing (id. at ¶ 11); that someone other than Searing allowed the Driver to use the truck (id. at ¶ 13); and that someone other than Searing had a "right to control the truck." Id. at 3, ¶ 21.

Merely loading products onto a truck or planning to have them shipped from a place of business are not actionable activities. Nothing about those ordinary business activities necessarily leads to a motor vehicle accident alleged to be the result of excessive speed.

Given the total failure to allege specific factual allegations supporting Plaintiff's claim of negligence against Searing, the claim must be dismissed.

### 2. There are no allegations of a statutory violation by Searing, which necessarily precludes a claim for negligence per se.

A prima facie case of negligence per se is made when there are allegations that a defendant violated "a statute adopted for the public's safety and the violation causes a plaintiff's injury." Miller v. Crested Butte, LLC, 549 P.3d 228, 234 (Colo. 2024). This requires a showing that the statute was "intended to protect against the type of injury" the plaintiff suffered and that the plaintiff "is a member of the group of persons the statute was intended to protect." Id.

5

The amended complaint references one statute – but not with respect to Searing. Plaintiff alleges "Manrique Agramon and Monique Trucking, LLC did not require drivers to complete records of duty status, as required by 49 CFR § 395.8(a)(1)." ECF 10-1 at 2, ¶ 17. That statute provides that "a motor carrier subject to the requirements of this party must require each driver used by the motor carrier to record the driver's duty status for each 24-hour period…." A motor carrier is defined as "a for-hire motor carrier or private motor carrier. The term includes a motor carrier's agents, officers, and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching a driver or an employee concerned with the installation, inspection, and maintenance of motor vehicle equipment or accessories." 49 CFR § 350.105.

There are no allegations that this statute was applicable to Searing, or that Searing violated this or any other statute. There are no allegations that Searing met the definition of a motor carrier that would be subject to this statute. Given the absence of allegations that Searing was subject to or violated a statute, this claim must be dismissed.

### 3. There are no allegations plausibly supporting a negligent entrustment claim against Searing.

A claim for negligent entrustment exists when a defendant provides a third party with something that is within the defendant's control despite knowing or have reason to know that the third party "is likely to use the thing in such a manner as to create an unreasonable risk of harm to others." Casebolt v. Cowan, 829 P.2d 352, 356 n. 4 (Colo. 1992).

The only factual allegation specific to Searing is that it loaded the at-issue truck with a shipment of its products. ECF 10-1 at 3, ¶ 26. There are no factual allegations to explain why merely loading products onto a truck would suggest a basis for a claim of negligent entrustment. There are no allegations that Searing knew or had reason to know that the Driver, if entrusted with

the products being shipped, was likely to proceed in a manner that would create an unreasonable risk of harm to Plaintiff. There are no allegations to support a conclusion that Searing knew or should have known that the Driver would drive at an excessive speed. The Driver was not employed by Searing. The entire focus of the amended complaint is on the improper use of the truck, which Searing did not own and did not have a right to control. Id. at 2-23, ¶ 4, 13-23. Lastly, there are no allegations explaining why Searing would have any duty to supervise the Driver, who was the agent or employee of an unrelated company driving a truck that Searing did not own.

Given the total absence of well-pled factual allegations that could support a claim for negligent entrustment, the claim must be dismissed.

### 4. Exemplary Damages

As discussed below, this claim is procedurally improper and should be dismissed on that basis. No motion to add exemplary damages has been filed and there are no allegations of willful and wanton conduct against Searing. This claim must be dismissed.

### B. The Claims Against Searing Should Be Dismissed With Prejudice.

A dismissal with prejudice is "appropriate if it would be futile to allow the plaintiff an opportunity to amend." Serna v. Denver Police Dep't, 58 F.4th 1167, 1172 (10th Cir. 2023). A proposed amendment is "futile if the complaint, as amended, would be subject to dismissal." U.S. ex rel. Barrick v. Parker-Migliorini Int'l, 878 F.3d 1224, 1230 (10th Cir. 2017).

Searing is seeking dismissal with prejudice of the claims in Plaintiff's First Amended Complaint. Plaintiff has already amended her claims once. Robust attempts at conferral, which were made in part so that Plaintiff could seek to amend her complaint yet again if there was actually any viable factual support for her claims against Searing, were met with silence. Plaintiff had an opportunity to plead any factual support that might plausibly support claims against Searing in her

initial complaint, in her amended complaint, and in response to Searing's numerous conferral efforts specifically articulating the deficiencies that are now being raised. It is appropriate to dismiss Plaintiff's claims against Searing with prejudice because no factual support for them has ever been provided.

### C. None of the criteria necessary for asserting a claim for exemplary damages have been met.

In the amended complaint, Plaintiff concludes that Searing "is liable to [Plaintiff] for Punitive Damages." ECF 10-1 at 6, ¶ 90. "Exemplary, or punitive damages, are available in Colorado only by statute." Stamp v. Vail Corp., 172 P.3d 437, 447 n. 12 (Colo. 2007) (citing Kaitz v. Dist. Ct, 650 P.2d 553, 556 (Colo. 1982)). The statute in question, C.R.S. § 13-21-102, prohibits a claim for punitive damages without leave and it provides strict criteria for allowing such a claim later if proper evidentiary support is presented:

> A claim for exemplary damages . . . may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

C.R.S. § 13-21-102(1.5)(a). As this Court has observed, a prima facie showing is made by demonstrating "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." Trujillo v. Moore Bros., Inc., No. 1:23-cv-00802-RM-SBP, 2024 U.S. Dist. LEXIS 17948, at *8 (D. Colo. Jan. 3, 2024) (citing Stamp, 172 P.3d at 449 (quoting Leidholt v. Dist. Ct., 619 P.2d 768, 771 n.3 (Colo. 1980))). To accomplish this, plaintiff must present evidence which, viewed in the light most favorable to the plaintiff, establishes "a prima facie showing of willful and

wanton behavior." Trujillo, No. 1:23-cv-00802-RM-SBP, 2024 U.S. Dist. LEXIS 17948, at *8.  None of these criteria have been met.

First, the original complaint was filed on April 4, 2025. ECF 1-1 at 1. Plaintiff filed an amended complaint on August 4, 2025, at which time Plaintiff added Searing as a defendant and asserted a claim for punitive damages against it. ECF 10-1 at 1 and 7, ¶ 90. The amended complaint acknowledges it was filed "prior to any answer." Id. at 1. To Searing's knowledge, no Rule 26 disclosures have been made by any party. Searing has not made any Rule 26 disclosures.

Second, Plaintiff has presented no evidence of willful and wanton conduct. There are not even allegations in the amended complaint that, if viewed as true, would indicate negligent conduct by Searing. None of the factual allegations establish a plausible basis for the conclusion that Searing engaged in willful and wanton behavior.

Third, the Court has not made a finding that this issue will likely be submitted to the jury.

Fourth, while Plaintiff has filed an amended pleading, C.R.S. § 13-21-102 specifically states a claim for exemplary damages "may not be included in any initial claim for relief." Plaintiff's amended complaint is the initial claim for relief as it relates to Searing. Compare ECF 1-1 at 1, with ECF 10-1 at 1.

For all these reasons, Plaintiff's claim for exemplary damages against Searing must be dismissed.

WHEREFORE, for the reasons stated above, Defendant Searing Industries of Wyoming, Inc., requests that all claims by Plaintiff against it be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted on August 29, 2025.

/s/ Gordon A. Queenan
Michael J. Decker, Esq.
Gordon A. Queenan, Esq.
Murphy & Decker, P.C.
730 17th St., Suite 925
Denver, CO, 80202
Telephone: (914) 844-9137
FAX: (303) 468-5981
mdecker@murphydecker.com
gqueenan@murphydecker.com
*Attorneys for Searing Industries Wyoming, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also e-mailed a copy of this motion and exhibits to Plaintiff's counsel at Shawn@francisowen.law, Amanda@francisowen.law, and Raegan@francisowen.law.

            */s/ Gordon A. Queenan*
            Gordon A. Queenan