Outlook

Re: Martin v. Searing et al

**From** Gordon Queenan <gqueenan@murphydecker.com>
**Date** Thu 8/28/2025 8:45 AM
**To** shawn@francisowen.law <shawn@francisowen.law>; Raegan@francisowen.law <Raegan@francisowen.law>
**Cc** Mike Decker <mdecker@murphydecker.com>

Hi Shawn,

I'm following up on my numerous e-mails and telephone calls over the past nine days. I hope everything is ok and there is a reason we have not been able to connect. Per my prior correspondence, we are filing a Rule 12(b)(6) motion to dismiss the claims against Searing with prejudice as soon as the Court accepts the amended complaint on its docket. The motion is really two-fold. First, as I stated in my prior letter, the complaint does not have any factual allegations that would support the claims against Searing. There is nothing I am aware of that would make a shipper of goods liable for the conduct of a motor carrier's driver, Searing did not entrust the driver with the truck, and I do not see a statute that Searing allegedly violated that would give rise to a claim for negligent entrustment. Second, there is a claim for punitive/exemplary damages against Searing. By statute, such a claim cannot be asserted in an initial claim from relief and only after receiving permission from the Court. Thus, the procedures that need to be followed to assert such a claim have not been met. Moreover, I'm not aware of any evidence or even allegations of willful and wanton conduct by Searing. All of these issues could be resolved via an amendment to the complaint either removing unsupported claims or the claim that is not yet procedurally appropriate, or providing a factual basis.

Again, I hope all is well and that we are able to connect soon. If I don't hear from you, I will e-mail you a copy of the motion once it is filed.

Best,
Gordon

**Gordon A. Queenan**
Of Counsel



**Main Office:**
730 17th Street | Suite 925 | Denver, CO 80202
**307.409.3884 Direct** | 303.468.5980 Main | 303.468.5981 Facsimile
**Wyoming Office:**
109 E. 17th Street | Suite 5306 | Cheyenne, WY 82001
307.200.0022 Main | 303.468.5981 Facsimile
www.murphydecker.com

**Defendant Searing's Exhibit A, p. 01**





This email message and any attachments contain confidential, legally privileged information intended solely for the addressee. They may also contain proprietary information that is otherwise protected from disclosure by applicable law. Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please contact us at (303) 468-5980 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Service Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Gordon Queenan <gqueenan@murphydecker.com>
**Sent:** Wednesday, August 27, 2025 10:23 AM
**To:** shawn@francisowen.law <shawn@francisowen.law>; Raegan@francisowen.law <Raegan@francisowen.law>
**Cc:** Mike Decker <mdecker@murphydecker.com>
**Subject:** Re: Martin v. Searing et al

Hi Shawn,

Following up on my prior e-mails and voicemails, including my voicemail from yesterday. We intend to file a motion to dismiss tomorrow on behalf of Searing for the reasons outlined in my letter sent on August 25, 2025. Please give me a call.

Gordon

**Gordon A. Queenan**
Of Counsel



**Main Office:**
730 17th Street |  Suite 925  |  Denver, CO 80202

**Defendant Searing's Exhibit A, p. 02**

**307.409.3884** Direct | 303.468.5980 Main | 303.468.5981 Facsimile
**Wyoming Office:**
109 E. 17th Street | Suite 5306 | Cheyenne, WY 82001
307.200.0022 Main | 303.468.5981 Facsimile
www.murphydecker.com




This email message and any attachments contain confidential, legally privileged information intended solely for the addressee. They may also contain proprietary information that is otherwise protected from disclosure by applicable law. Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please contact us at (303) 468-5980 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Service Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Gordon Queenan <gqueenan@murphydecker.com>
**Sent:** Monday, August 25, 2025 4:08 PM
**To:** shawn@francisowen.law <shawn@francisowen.law>
**Cc:** Mike Decker <mdecker@murphydecker.com>
**Subject:** Re: Martin v. Searing et al

Shawn,

See the attached correspondence regarding the Martin v. Searing et al matter.

Let me know when you are available to discuss.

Best,
Gordon

**Gordon A. Queenan**

**Defendant Searing's Exhibit A, p. 03**

Of Counsel



**Main Office:**

730 17th Street | Suite 925 | Denver, CO 80202

**307.409.3884 Direct** | 303.468.5980 Main | 303.468.5981 Facsimile

**Wyoming Office:**

109 E. 17th Street | Suite 5306 | Cheyenne, WY 82001

307.200.0022 Main | 303.468.5981 Facsimile

www.murphydecker.com





This email message and any attachments contain confidential, legally privileged information intended solely for the addressee. They may also contain proprietary information that is otherwise protected from disclosure by applicable law. Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please contact us at (303) 468-5980 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Service Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Gordon Queenan <gqueenan@murphydecker.com>
**Sent:** Friday, August 22, 2025 1:15 PM
**To:** shawn@francisowen.law <shawn@francisowen.law>; amanda@francisowen.law <amanda@francisowen.law>
**Cc:** Mike Decker <mdecker@murphydecker.com>
**Subject:** Re: Martin v. Searing et al

Following up on my e-mail from Wednesday and voicemail from Tuesday. Can you let me know when would be a good time for us to connect? The Court's practice standards are very particular with regard to motions to dismiss and I would like to discuss such a motion, as well as the possibility of amendment to potentially cure deficiencies in the amended complaint.

**Defendant Searing's Exhibit A, p. 04**

Thanks, and if I don't hear from you, have a good weekend,
Gordon

**Gordon A. Queenan**
Of Counsel



**Main Office:**
730 17th Street | Suite 925 | Denver, CO 80202
**307.409.3884 Direct** | 303.468.5980 Main | 303.468.5981 Facsimile
**Wyoming Office:**
109 E. 17th Street | Suite 5306 | Cheyenne, WY 82001
307.200.0022 Main | 303.468.5981 Facsimile
www.murphydecker.com





This email message and any attachments contain confidential, legally privileged information intended solely for the addressee. They may also contain proprietary information that is otherwise protected from disclosure by applicable law. Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please contact us at (303) 468-5980 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Service Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Gordon Queenan
**Sent:** Wednesday, August 20, 2025 1:12 PM
**To:** shawn@francisowen.law <shawn@francisowen.law>; amanda@francisowen.law <amanda@francisowen.law>
**Cc:** Mike Decker <mdecker@murphydecker.com>
**Subject:** Martin v. Searing et al

Shawn and Amanda,

My firm has been retained to represent Searing Industries in connection with the lawsuit you filed on behalf of Annette Martin that is now pending in federal court. Can you let me know when would be a convenient time to discuss this matter? I'd like to discuss the procedural posture of the federal case, service of the amended complaint, and potential motion practice.

Thanks,
Gordon

**Gordon A. Queenan**
Of Counsel

**Main Office:**
730 17th Street | Suite 925 | Denver, CO 80202
**307.409.3884 Direct** | 303.468.5980 Main | 303.468.5981 Facsimile
**Wyoming Office:**
109 E. 17th Street | Suite 5306 | Cheyenne, WY 82001
307.200.0022 Main | 303.468.5981 Facsimile
www.murphydecker.com




This email message and any attachments contain confidential, legally privileged information intended solely for the addressee. They may also contain proprietary information that is otherwise protected from disclosure by applicable law. Please do not read, copy, or disseminate the information transmitted unless you are the addressee. If you have received this message in error, please contact us at (303) 468-5980 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Service Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Defendant Searing's Exhibit A, p. 06**

# Murphy & Decker, P.C.

## Attorneys at Law

Gordon A. Queenan
730 17th Street
Suite 925
Denver, Colorado 80202
Direct Dial: 307-409-3884
gqueenan@murphydecker.com
www.murphydecker.com

August 25, 2025

**VIA E-MAIL**
Shawn A. Owen
Francis Owen LLC
3200 Cherry Creek South Drive
Suite 520
Denver, Colorado 80209
shawn@francisowen.law

      Re:    <u>Annette Martin v. Searing Industries Wyoming, Inc. et al</u>, U.S. District Court, District of Colorado, No. 1:25-cv-02457-SBP

Dear Shawn,

      As you know, my firm represents Searing Industries Wyoming, Inc (Searing). I am following up on my voicemail from August 19th, and e-mails from August 20th and 22nd. I tried to call you this afternoon and was told that you were not available and could leave another voicemail. I would like to discuss a couple of issues with you and would prefer to do it by phone if possible. However, as we have not been able to connect thus far, I am putting my conferral in writing.

      My understanding is that Searing was served with an amended complaint in the state court action after the matter was removed to federal court. I'm not sure if that constitutes valid service of the amended complaint. Further, the amended complaint is not reflected on the federal docket, which creates logistical problems in so much as there is nothing for us to respond to and Searing is not a party to the action. I imagine this could be resolved by filing the amended complaint on ECF but am open to discussing with you how we resolve that issue.

      Beyond that, this matter is currently assigned to Magistrate Judge Susan Prose. Per the U.S.D.C. for the District of Colorado's Uniform Practice Standards of the United States Magistrate Judges:

> **To the extent the case is pending before a Magistrate Judge on consent, Fed. R. Civ. P 12(b) motions to dismiss are discouraged if the alleged defect is correctable by the filing of an amended pleading. Consistent with D.C.COLO.LCivR 7.1(a), the parties must confer prior to the filing of any motion. Where the alleged deficiency is correctable by amendment (e.g., failure to plead fraud with specificity), the parties should exercise their best efforts to stipulate to appropriate amendments. If such a motion is nonetheless filed, the movant shall include a conspicuous statement describing the specific efforts undertaken to comply with this Practice Standard. Counsel is on notice**

**that failure to comply with this Practice Standard may subject them to an award of attorney's fees and costs assessed personally against them.**

We perceive deficiencies in your amended complaint that we believe could be resolved via an amendment. This is my fourth attempt to exercise my best efforts to get us to a place where motion practice is unnecessary. I'll address the deficiencies below.

 First, the amended complaint states that "Searing Industries Wyoming, Inc. is liable to Annette for Punitive Damages." Under Colorado law, claims for exemplary damages are governed by C.R.S. § 13-21-102(1.5)(a). "A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue." C.R.S. § 13-21-102(1.5)(a). Although this is technically an amended pleading, the complaint contains the initial claim for relief against Searing. Thus, I doubt it would be treated as complying with the first portion of the statute. Next, there has been no exchange of initial disclosures by the parties, so a claim for punitive damages is premature. Lastly, there is no prima facie proof of a triable case as to punitive damages. Whether there is sufficient evidence to justify the submission of exemplary damages to the factfinder is a question of law. Amber Properties, Ltd. v. Howard Elec. & Mech. Co., 775 P.2d 43, 46 (Colo. App. 1988). The appropriate mechanism for asserting a claim for punitive damages, after Rule 26 disclosures are made, is to file a motion with the Court asking the Court to determine that such a claim should make it to a jury. No such motion is reflected in the filings in state or federal court.

 Given that a punitive damages claim is premature and has not been permitted by the Court, I'd ask that you file an amended complaint removing the punitive damages claim.

 Second, the complaint does not meet the relevant pleading standards. It is well-established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The amended complaint appears to contain claims against Searing of negligence, negligence per se, negligent entrustment, and, as discussed above, punitive damages. I do not see any well-pled factual allegations supporting these claims. Searing is mentioned twelve times in the amended complaint:

- Once in the caption;
- Once in the opening preamble;
- Once at paragraph 26 – asserting that it shipped and loaded the truck;
- Once at paragraph 32 – asserting that the crash would not have happened but for Searing shipping and loading the truck;
- Once at paragraph 36 – identifying it as a Wyoming corporation;
- Once at paragraph 43 – asserting the court has personal jurisdiction over Searing;
- Once at paragraph 69 – asserting that Searing is responsible for improper loading and overseeing shipment of the truck;
- Once at paragraph 70 – asserting that Searing is responsible for negligently planning and overseeing the shipment of the truck.

- And then four times in the context of being liable for various claims.

There are no well-plead factual allegations explaining what it is that Searing allegedly did wrong. There are no allegations explaining why the shipper would be liable for the actions of the driver or how it contributed to the accident in any way. There are no allegations explaining what statute or ordinance Searing allegedly violated. Further, we do not believe the conclusory allegations have a Rule 11 basis. As your complaint alleges, TQL, a broker, retained the at-issue trucking company and/or driver. What is the basis for your contention that a shipper would have any responsibility for the conduct of a trucking company/driver retained by an independent broker?

As such, please amend the complaint to either remove the claims against Searing or articulate well-pled factual allegations explaining what it is that you believe Searing did that would support the asserted claims.

I am operating under the assumption that our motion will be due Thursday, August 28th based on the alleged service date of the amended complaint. Please give me a call between now and then so we can discuss these issues and see if there is a way to resolve them without involving the Court.

Very truly yours,

Gordon A. Queenan