## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-2457-TPO

**ANNETTE MARTIN**

PLAINTIFF,

v.

**IGNACIO CRUZ-MENDOZA,**

**MANRIQUE AGRAMON,**

**TOTAL QUALITY LOGISTICS, LLC.,**

**SEARING INDUSTRIES WYOMING, INC.,**

**MONIQUE TRUCKING LLC, and**

**INTSEL STEEL WEST LLC**

DEFENDANTS.

## DEFENDANT INTSEL STEEL WEST LLC'S MOTION TO DISMISS

Defendant, Intsel Steel West LLC ("Intsel"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move for the dismissal of Claims Three, Five, Seven, Nine and Ten of Plaintiff Annette Martin's Amended Complaint against it on the grounds that they fail to state a claim upon which relief can be granted. In support thereof, Intsel states as follows:

## CERTIFICATE OF CONFERRAL

Counsel for Intsel has conferred with DezaRae LaCrue, counsel for Plaintiff, regarding the subject Motion, and Plaintiff opposes the relief sought by this Motion.

## BACKGROUND

According to Plaintiff Annette Martin's First Amended Complaint ("Complaint") filed on July 14, 2025, this case arises from a motor vehicle accident occurred on Highway 285 near Conifer in Jefferson County, Colorado on June 11, 2024 ("the Accident"), that resulted in her sustaining injuries, due to the alleged negligence of Defendant Ignacio Cruz-Mendoza ("Cruz") (Compl., ¶ 1, ¶¶ 36-56). At the time of the Accident, Cruz was operating a tractor-trailer for his employer, Defendant Manrique Agramon d/b/a Monique Trucking ("Monique Trucking") while hauling a load of steel materials. See id., *generally*; see also *Bill of Lading* (Compl., ¶¶ 16 & 17 and attached hereto as **Defendant's Exhibit A**). Cruz picked up the load from Defendant Searing Industries, Inc.'s ("Searing") facility in Cheyenne, Wyoming on the date of the Accident for delivery to Defendant Intsel in Farmington, New Mexico. That arrangement was made independently by Defendant Total Quality Logistics LLC ("TQL"), the third-party broker involved in the isolated transaction. See id. Relevant here, the Court will note that the Bill of Lading was issued by Searing; and, while it gives reference to Intsel as the consignee – the entity receiving the load - the broker is clearly identified as TQL, and there is no evidence any agents, employees or representatives of Intsel being present or otherwise involved in the loading of that material. Id. Rather, Plaintiff alleges that Searing employees provided direction to Cruz in securing the steel materials while providing little, if any, additional assistance; and, they did so negligently and in violation of Federal Motor Carrier Safety Act ("FMCSA") standards applicable to commercial

carriers when such weights are involved before allowing him to depart its facility (Compl., ¶¶ 37 – 74; See also *Deposition of Ignacio Cruz-Mendoza* at 48:14-49:5, referenced in Plaintiff's Complaint as **Defendant's Exhibit B**). Plaintiff cites to those regulations at length in her 43-page Complaint with numerous paragraphs and subparts; but, the Court will note that the mere recitations of statutory law or regulations are devoid of any factual allegations that would subject Intsel to liability. More importantly, Intsel is not referenced whatsoever in Cruz' deposition or the Amended Complaint as having been involved in the coordination, loading or any other actions relevant to the delivery that would allow grounds for any liability on their part for the Accident. See id*., generally*.

While enroute to complete the delivery, Cruz was allegedly operating the tractor-trailer at a high rate of speed, approximately 60-80 m.p.h., and lost control while attempting to pass another vehicle on Highway 285, causing a chain collision involving five other vehicles, including Ms. Martin's. As a result of the Accident, Cruz was subsequently charged with violating: 1) C.R.S. § 18-3-106(1)(a), "Vehicular Homicide"; 2) C.R.S. § 18-3-205(1)(a), "Vehicular Assault"; 3) C.R.S. § 42-4-1401(1), "Reckless Driving"; and, 4) C.R.S. § 42-2-404(1), "Driving a Commercial Vehicle (Not Qualified)." Following his conviction, Cruz was briefly imprisoned in Jefferson County Jail before Federal Authorities deported him to Mexico upon release. (Compl., ¶¶ 2-3).[1] As to his employer, Defendant Monique Trucking was subsequently issued an "Imminent Hazard – Operations Out-of-Service Order" on July 2, 2024 ("the Order"), based upon its own negligent acts and omissions and those of Cruz as its employee in relation to the Accident, and other prior

---

[1] Plaintiff seeks to raise issue with Cruz' numerous past deportations, whether voluntary or involuntary, but even if proven, such events and actions would constitute improper character evidence and would be prejudicial if considered in this matter as his immigration status has no bearing on his suitability as a commercial driver prior to the Accident. See, e.g., Colo. R. Evid. 608(1), 404(b) & 403.

violations of the FMCSA for which Intsel had no prior knowledge, whether actual or constructive, given they never dealt with either Defendant Cruz nor Monique prior to the Accident and this lawsuit. To the contrary, it was TQL's and/or Searing's investigation and selection of an appropriate and qualified carrier to fulfill the delivery; not Intsel. Notably, Plaintiff makes no factual allegations that any of the other Co-Defendants were investigated, penalized or charged with any violations or crimes in relation to the Accident.

Plaintiff's Amended Complaint alleges ten (10) separate claims for relief against the six (6) named Defendants in various combinations in an apparent effort to establish some grounds for joint and several liability, even if there are no such basis. However, relevant to the present Motion and requested relief, the following five (5) claims are directed to Defendant Intsel and other parties; and, they are grouped according to the manner they are to be addressed in the "Argument" Section below based on their common questions of law and fact:

- **Group 1 – Negligent Hiring, Training, Supervision Claims:**

  o **Claim Three** – Negligent and/or Reckless Hiring / Supervision / Retention / "Negligent Selection" of Cruz against all Defendants;

  o **Claim Five** – Negligent and/or Reckless Hiring / Supervision / Retention / "Negligent Selection" of Monique Trucking against TQL, Intsel, and Searing;

- **Group 2 – Negligent Undertaking Claims:**

  o **Claim Seven** – Negligent Undertaking against Intsel;

- **Group 3 – Joint Venture / Joint Enterprise Claims:**

  o **Claim Nine** – Joint Venture vs. All Defendants; and,

  o **Claim Ten** – Joint Enterprise Liability against All Defendants.

As addressed in greater detail below, Defendant Intsel is entitled to full dismissal under Fed. R. Civ. P. 12(b)(6) on each of the foregoing claims against it because:

1. Defendant Intsel bore no contractual or agency relationship with Defendants Monique Trucking nor its employee Cruz that would provide them with control or the right to control Monique Trucking's or Cruz' independent actions sufficient to establish vicarious liability under the doctrine of *respondeat superior* or negligent hiring, retention, supervision or selection;

2. Defendant Intsel did not hire, retain, supervise or select Monique Trucking or Cruz for the delivery that resulted in the Accident;

3. Rather, TQL as the broker and/or Searing as the supplier investigated and verified the same prior to loading and delivery;

4. Intsel had no ownership interest in the tractor-trailer owned and/or operated by Monique Trucking and/or "Jose Luis" as referenced in Cruz' Deposition and therefore bore no duty to ensure that its registration or maintenance were current under the FMCSA or other applicable statutes or regulations (See Compl. And **Defendant's Exhibit B** at 26:8-27:15);

5. No agents, employees or representatives of Defendant Intsel were present or otherwise took part or provided direction for the loading and securing of the steel materials pre-Accident as alleged; nor did it possess or exercise any right of ownership or control of any of the Co-Defendants' acts or omissions in relation to that event, namely those of Cruz and his employer, Monique Trucking or Searing;

5

6.    While Plaintiff cites to voluminous FMCSA standards and regulations as a collective grounds for the Defendants' alleged joint and several liability (See, e.g., Compl., ¶¶ 25-28, 62, 102, 114, 122, 123, 134, 145, 157), she cites to no independent violations on behalf of Intsel to support the same;

7.    For the "Negligent Undertaking" claims against Intsel, even if such a claim is recognized under Colorado law per Rest. 2d Torts § 324(A) and related case law since the Colorado Supreme Court adopted the doctrine in *De Caire v. Public Service Co.*, 479 P.2d 964 (Colo. 1971), that cause of action is more commonly reserved for "Good Samaritan" or "assumption of risk" situations where an individual or entity voluntarily undertakes actions for another's safety and harm nevertheless results and does not apply to Intsel under the circumstances as a matter of law absent some special relationship; and,

8.    In the absence of any contractual agreements to the contrary, written or implied, Plaintiff fails to allege facts sufficient to establish a "for profit," partnership relationship to establish a claim for "Joint Venture" or "Joint Enterprise" liability against Defendant Intsel as a matter of law.

In light of the foregoing, Intsel is entitled to the full dismissal of the foregoing claims against them as alleged in Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state a claim upon which relief can be granted.

## **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley*

*v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations, alterations omitted). Nor, in this context, does "[p]lausible" mean "likely to be true," rather, plausibility "must refer to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Lastly, Fed. R. Civ. P. 12(e) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c) , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 […]." However, "[t]hough 'matters outside the pleadings' may not be considered on a Fed. R. Civ. P. 12 motion to dismiss, documents necessarily embraced by complaint are not matters outside pleading." See, e.g., *Enervations, Inc. v. 3M,* 380 F.3d 1066, 1069 (8th Cir. 2004), citing *GFF Corp. v. Associated Wholesale Grocers,*

*Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). This is because "[…] if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." Id. (internal citations omitted). That exception should be considered here where Plaintiff has cited to and included photographs of documents such as the Bill of Lading that are critically relevant to Defendants' requested relief. (See Compl., ¶ 60). This would also include the portions of Defendant Cruz's deposition. While Plaintiff doesn't expressly cite to the deposition, the Amended Complaint expressly takes facts from the deposition. This is evidence in several ways. First, Plaintiff's Amended Complaint largely plagiarizes from the Amended Complaint filed in Civil Action 25-CV-00997-TPO, which is before this Court. Specifically, Plaintiff copies and incorporates paragraphs 25-48, 60-109 from the Amended Complaint in Civil Action 25-CV-00997-TPO into her Amended Complaint as paragraphs 10-33 and 36-80 respectively. Further, Plaintiff's 3rd, 5th, 7th 9th and 10th claims are identical – copied – from Civil Action 25-CV-00997-TPO's 3rd, 5th, 7th 10th and 11th claims, respectively. Paragraphs 36 – 42 and 49 of Plaintiff's Amended Complaint are copies of the averments in Civil Action 25-CV-00997-TPO paragraphs 60-67 and 74 respectively, just without the specific citation to Defendant Cruz's deposition. Nonetheless, the only way to have obtained these facts is from Defendant Cruz's deposition. Several of the averments indicate that it was from the deposition as they state: "Mr. Cruz-Mendoza confirmed that an agent of Searing provided.." (¶ 38); "According to Mr. Cruz-Mendoza.." (¶ 39); and "According to Mr. Cruz-Mendoza's account.." (¶ 66). Accordingly, Plaintiff has referenced and utilized deposition testimony of Defendant Cruz in the Amended Complaint and thus it is proper for Intsel to utilize the full

deposition transcript to highlight the deficiencies in Plaintiff's Amended Complaint without converting it to a motion for summary judgment.

## ARGUMENT

I.  **Plaintiff's Claims as to Defendant Intsel must be dismissed for lack of any contractual or agency relationships with the Co-Defendants that would provide a duty for Negligent Hiring, Training, Supervision and "Selection" Claims.**

Plaintiff's general claims against each and all of the six (6) Defendants named in this lawsuit, ten (10) in total, sound in general negligence for her injuries. Although they are presented in various forms, each are subject to the common and consistent defenses echoed above.

Incorporating the below facts and law, Plaintiff's general allegations that Intsel bore any role in the hiring, training, supervision or selection of Cruz by Monique Trucking are unfounded and therefore subject to dismissal because, put simply, Defendant Intsel merely purchased the steel from Searing and had no role in the selection/retention of the deliverer or the actual delivery of the product. The delivery of steel was done at the direction of Searing and/or TQL, not Defendant Intsel, and that is evinced by the Bill of Lading referenced and included in Plaintiff's Complaint at para. 16. Therefore, those claims as to Defendant Intsel are subject to dismissal because Plaintiff has not plausibly alleged any factual averments to support that claim.

In *Vigil* (supra.), the Colorado Supreme Court held that whether a defendant owes a duty to a plaintiff at common law is one for the court to determine and is ultimately dispositive. See, e.g., *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 465 (Colo. 2003). "'The existence and scope of the duty'" essentially addresses "'whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection.'" *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987) (quoting *Metro. Gas Repair Serv., Inc. v. Kulik*, 621 P.2d 313, 317 (Colo.

1980)). A defendant always has the option at common law of arguing that he did not owe a duty to an injured plaintiff. Structurally, this argument is independent of and arises before other recognized negligent tort defenses such as contributory negligence and comparative fault. Where a defendant successfully argues no duty, there is no subsequent inquiry into negligence; considering additional defenses under the breach, causation, and damages elements is entirely unnecessary. See id. Therefore, in the absence of a duty to Plaintiff, each of her claims against Defendant Intsel fail as a matter of law.

Here, Plaintiff generally alleges that Intsel is liable for the "selection" of Monique Trucking and Cruz for this delivery, but her claims fail because it is undisputed that Intsel bore no relationship – whether contractually or under the principles of agency or otherwise – with them that could provide a plausible basis for a negligent hiring, supervision, retention or selection.

First, Cruz testified in his deposition that he was provided instruction from a third-party broker, likely TQL by and through his supervisors at Monique Trucking, to pick up the load from Searing's facility in Cheyenne, Wyoming and deliver it to Intsel on the date of the Accident. See **Defendant's Exhibit B** at ¶¶ 10:10-11:8; 14:7-17:1 (attached to Plaintiff's Complaint as Exhibit 2). However, there are no references whatsoever to Intsel in Defendant Cruz' deposition testimony, only an unidentified female broker of unspecified name and number at Monique Trucking and/or TQL he identified as his "broker." Id. Thus, apart from Plaintiff's threadbare allegations, she fails to plausibly prove an employment or agency relationship between Cruz and Monique Trucking and Intsel sufficient to maintain her claims. There is no evidence, only thread bare allegations that Intsel was involved in the hiring, supervision, retention or selection of Cruz or Monique Trucking.

Rather, the evidence shows that Cruz had no knowledge of Intsel, other than the location where the load was to be dropped off. See, **Defendant's Exhibit B** at ¶ 69:23-70:18.

Second, Defendant Cruz testified that the Peterbilt tractor-trailer combination he was operating at the time of the Accident was owned by a gentleman named "Jose Luis" who bore no relationship with Defendant Intsel See, **Defendant's Exhibit B** at ¶ 26:8-27:15. Cruz further testified that he had only one prior contact with him for payment. However, he provides no further information regarding the maintenance or inspections of that vehicle, nor does he indicate that Defendant Intsel had any obligations or duty regarding the same. Id. Thus, even if the jury or Court would find that Cruz experienced a brake failure that contributed to the Accident and Ms. Martin's injuries, Intsel bares no responsibility for the same absent ownership or an obligation to maintain and service the vehicle.

Third, despite the Order, Intsel did not act unreasonably in reliance upon Monique Trucking's or Cruz' USDOT and/or MC numbers, which were valid and active prior to the Accident, put simply because Intsel did not contract with or retain Monique Trucking or Cruz. Furthermore, Defendant Intsel did not hire, retain, control or select Monique Trucking or Cruz. Those actions were undertaken by TQL and/or Searing. Defendant Intsel merely purchased steel that Searing was to deliver.

Fourth, Cruz' deposition testimony provides no factual basis that any agents, employees or representatives of Defendant Intsel were present at the time of the loading or departure of the Peterbilt or otherwise provided any independent direction before Cruz undertook the delivery from Searing's facility in Cheyenne to Intsel in New Mexico. See, **Defendant's Exhibit B** at ¶ 37:16-38:20.

11

In sum, Plaintiff fails to plausibly present a basis for a duty as between Defendant Intsel and Plaintiff. Plaintiff cannot "will" a relationship between two parties into existence merely by stating that exist. Such allegations are purely self-serving and fail the plausibility standards established by the foregoing authorities (See *Twombly* and *Iqbal*, supra.) and are likely asserted only to maintain some unsubstantiated avenue for recovery given Monique Trucking's dissolution post-Order and Cruz' deportation post-Accident. Thus, her claims against Intsel must be dismissed as a matter of law.

**II.     Plaintiff's claim for "Negligent Undertaking" is also subject to dismissal as it is inapplicable under the circumstances as a matter of law.**

Per Restatement (Second) of Torts § 324(a), the elements of a cause of action for "negligent undertaking" are as follows:

> "One who <u>undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things</u>, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Restat. 2d of Torts § 324(a) (emphasis added).

Colorado adopted the foregoing cause of action in the seminal case of *De Caire v. Public Svc. Co.*, 479 P.2d 964, 967 (Colo. 1971). However, the cause of action, if any, is reserved for those unique "Good Samaritan" or "assumption of risk" cases where a third-party voluntarily undertakes actions to assist another in preservation of their safety. Upon consideration of those illustrations provided in the footnotes of the foregoing Restatement provision the Court will note

that some affirmative, voluntary action is required to ascribe liability, most commonly in an in-person situation.

Here, Plaintiff's novel attempt to assert the claim is patently inapplicable and subject to dismissal given there is no factual basis to plausibly establish that any agent, representative or employees of Defendants Intsel undertook "[…] gratuitously or for consideration, to render services to another which [they] should recognize as necessary for the protection of a third person or his things […]", (*i.e.*, Mr. Miller). Restort. 2d of Torts Section 324(a). All Intsel did was buy the steel and no agents, representatives or employees of Defendants Intsel were present during the loading and delivery of the materials prior to the Accident, nor were any present at the time it occurred (See *Deposition of Ignacio Cruz-Mendoza* (supra.)). Thus, Intsel took no action, voluntarily or involuntarily, to provide any assistance or aid to Plaintiff or any other motorist involved. Therefore, the novel claim as asserted here is subject to dismissal as a matter of law.

### III.    Joint Venture / Enterprise Claims.

Under Colorado law, because a joint venture and/or enterprise is a partnership formed for a limited purpose, the substantive law of partnership must be applied in determining whether a joint venture exists. See, e.g., *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1117 (Colo. App. 1990). "A joint venture exists when there is: (1) a joint interest in property; (2) an express or implied agreement to share in profits or losses of the venture; and (3) actions and conduct showing joint cooperation in the venture." *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 619 (Colo. 1999) (quoting *City of Englewood v. Commercial Union Assur. Cos.*, 940 P.2d 948, 957 (Colo. App. 1996)).

13

Here, incorporating the facts and citations above, no agency relationship existed between Defendants Intsel and Cruz, or any other Defendant, because Cruz was not acting under the control of Intsel and was not acting on its behalf or behest as their agent, employee or representative. Rather, Cruz was acting at the direction and under the control of his employer, Monique Trucking, and/or the Co-Defendants as his employer's brokers or vendors such as TQL or Searing. Plaintiff seeks to assign joint and several liability among the various Co-Defendants under the guise they were operating as a "single entity," but she has raised only conclusory allegations, but no specific allegations against Intsel that would make such a relationship plausible. (See Compl. at ¶ 25). Even if such a relationship could exist *vis a vis* Monique Trucking or Cruz, it would be as an independent contractor as Intsel was not able to control how Cruz completed the work he was specifically hired to do. Further, Plaintiff has shown no evidence that Intsel had a legal ownership interest in any of the Co-Defendants companies.

Second, these Defendants ordered the steel delivery through Searing which provided a Bill of Lading (see Compl. at ¶¶ 16 & 17; and **Defendant's Exhibit A**) for the materials referenced in Plaintiff's Complaint. Until the materials were delivered, they were only promised; and, Defendant Intsel had no ownership or control over the materials until that action was completed.  As the Bill of Lading states, Intsel is a consignee, in other words, Intsel was designated to receive the steel, nothing more.  Importantly, they also held no ownership interest in the tractor-trailer Cruz was operating at the time of the accident.

Third, Plaintiff fails to allege any factual basis that the Co-Defendants shared in any profits or losses relating to the delivery or sale of the steel being delivered to Intsel. Rather, like the common delivery of goods and services by third-parties, the agreement was only the delivery of

steel materials. What Intsel did with those materials and any profits or losses that may have resulted would have been its alone, not Cruz', not Monique Trucking's and not any other Co-Defendants'.

Based on the foregoing, Plaintiff has failed to state a claim under which relief may be granted, and her claims for joint enterprise and venture must be dismissed.

## CONCLUSION

In sum, the Accident and Plaintiff's injuries are not the result of any negligent acts or omissions on part of Defendant Intsel. Intsel simply placed an order through Searing; Searing then engaged a broker, TQL, to deliver the steel via a third party trucking company.  Searing, allegedly bore the responsibility to ensure the load of steel materials was secured properly before releasing Cruz to complete the delivery. Those parties coordinated with Monique Trucking for the delivery to be fulfilled by its employee, Cruz. At no point did Intsel bear control or a right to control his actions, or any actions of any Co-Defendant. Intsel held no agency or employment relationship with Cruz; and, until this Accident occurred, had no interactions with him related to this load; was not present for the loading of the materials; and was not present when Cruz caused the Accident. While Monique Trucking may have since been dissolved following the Order, and Cruz deported to Mexico, those are not objectively valid reasons to presently hold Defendant Intsel liable for Monique Trucking's or Cruz' negligence merely for the sake that Plaintiff suffered her alleged losses.

For the foregoing reasons and authorities cited herein, each of Plaintiff's claims against Defendant Intsel are subject to dismissal as a matter of law for failing to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

**WHEREFORE,** having provided the grounds for their requested relief, Defendant Intsel respectfully requests that each and all of Plaintiff's claims against it be dismissed, with prejudice, and that it be awarded its respective costs and fees in defending this action and for such other relief as the Court may deem just and proper.

Respectfully submitted this 30th day of December 2025.

JACHIMIAK PETERSON KUMMER, LLC


 /s/ *Mark J. Jachimiak*
Mark J. Jachmiak, No. 30044
Brandon O. Hawkins, No. 49069
Jachimiak Peterson Kummer,
860 Tabor Street, Suite 200
Lakewood, CO  80401
Phone:  303.863.7700
Fax: (303) 830-8772
Email:  mark@jpk.law
*Attorneys for Defendant Intsel Steel West LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2025, I electronically filed the foregoing **DEFENDANTS INTSEL STEEL WEST LLC'S AND TRIPLE-S STEEL HOLDINGS, INC.'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| DezaRae LaCrue<br>Franklin D. Azar and Associates, P.C.<br>14426 E. Evans Avenue<br>Aurora, CO 80014<br>Lacrued@fdazar.com | Allison Burke<br>Theodore J. O'Brian<br>TAFT STETTINIUS & HOLLISTER, LLP<br>675 Fifteenth Street, Suite 3200<br>Denver, CO 80202<br>aburke@taftlaw.com<br>tobrian@taftlaw.com |
| Michael J. Decker<br>Gordon A. Queenan<br>Murphy & Decker, P.C.<br>730 17th Street, Suite 925<br>Denver, CO 80202<br>Mdecker@Murphydecker.com<br>gqueenan@Murphydecker.com | Kevin G. Ripplinger<br>Bryan K. Patterson<br>Patterson Ripplinger, P.C.<br>5613 DTC Parkway, Suite 400<br>Greenwood Village, CO 80111<br>kripplinger@prpclegal.com |
| Brittney A. Vig<br>Christopher D. Yvars<br>Wilson, Elser Moskowitz Edelman & Dicker LLP<br>1225 17th Street, Suite 1700<br>Denver, CO 80202 | |

/s *Krystal A. DiPerri*
Krystal A. DiPerri, Legal Assistant

17