IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-2457-TPO

ANNETTE MARTIN,

    Plaintiff,

v.

IGNACIO CRUZ-MENDOZA, MANRIQUE AGRAMON, TOTAL QUALITY LOGISTICS, LLC, a foreign corporation registered to do business in Colorado; SEARING INDUSTRIES WYOMING, INC., a foreign corporation; and MONIQUE TRUCKING, LLC, a foreign corporation; and INTSEL STEEL WEST, LLC, a foreign corporation,

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT TOTAL QUALITY
LOGISTICS, LLC'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
SECOND AMENDED COMPLAINT [DOC. 43]**

---

Plaintiff, by and through her attorneys, Franklin D. Azar & Associates, P.C., submits the following Response to Defendant Total Quality Logistics, LLC's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint [Doc. 43, Filed 12/04/2025]:

## **LEGAL STANDARD**

Under Rule 12(b)(6), a court may dismiss a pleading for "failure to state a claim upon which relief can be granted. "Fed. R. Civ. P.12(b)(6). To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Additionally, the pleading must

sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a pleading may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft,* 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). The plausibility standard does not require "heightened fact pleading of specifics." *Twombly,* 550 U.S. at 569. Plausibility is also not "akin to a probability requirement." *Iqbal,* 556 U.S. at 678. Instead, plausibility is a step beyond speculation and "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [misconduct]." *Twombly,* 550 U.S. at 555-56. The standard remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

## I.     PLAINTIFF'S COMPLAINT COMPLIES WITH THE RULES.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's *Twombly* and *Iqbal* decisions require a plaintiff to include "sufficient factual matter" to support a facially "plausible" claim for relief. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Tenth Circuit is clear that, under Rule 8, notice pleading, rather than heightened fact pleading, is still the standard: "the *Twombly/Igbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted). "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotations omitted). As a result, "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). "Fair notice under Rule 8(a)(2) depends on the type of case . . . A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quotations omitted).

Furthermore, "[t]he courts function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). A motion to dismiss under Rule 12(b)(6) should only be granted if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson,* 3.55 U.S. 41, 48 (1957) (emphasis added); *Twombly,* 550 at 570; and *Olympic Comm. Am. Media, Inc.,* 156 F.Supp.2d 1200, 1204 (D. Colo. 2001).

Plaintiff filed a 43-page detailed complaint and provided comprehensive facts supportive of each claim. The Second Amended Complaint has 190 separate allegations, with multiple allegations referring to numerous subparts. While some claims are grouped against a group of Defendants, not all claims are. Plaintiff has combined the same claim against multiple defendants where appropriate and has set forth individual claims where appropriate. In a case involving multiple defendants acting in concert, this type of pleading is appropriate and meets the pleading requirements of Rule 8. This

3

is a simple negligence action and does not require the heightened fact pleading of specifics. The

Second Amended Complaint details Defendant Total Quality Logistics' ("Defendant TQL") role

as a broker and its role in the underlying factual circumstances of the case. *See* Second Amended

Complaint [Doc. 35] at ππ 6-7, 10-14, 20-33, 37, 62-63, 65, 69-71, 73-76. It details Defendant

TQL's violations of state and federal law. *Id.* at π 123. The Second Amended Complaint sets forth

Defendant TQL's role and extensive failures in its selection, hiring, supervision and retention of

Defendant Cruz-Mendoza and Monique Trucking, LLC and its numerous failures in undertaking

the transport of goods. *Id.* at ππ 122 and 134. The Second Amended Complaint undoubtedly

provides fair notice for this type of action. In fact, Defendant TQL very clearly understands what

claims have been pled against it as demonstrated through its Motion to Dismiss. Defendant TQL has

adequate notice as to the nature of the claims against it.

**II.     PLAINTIFF'S CLAIMS ARE NOT PREEMPTED**.

Defendant TQL argues in its Motion to Dismiss that the Federal Aviation Administration

Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c) preempts Plaintiff from pursuing her claims

against Defendant TQL. Defendant TQL relies upon a series of outlier cases that go against the vast

majority of decisions addressing FAAAA preemption in this context. This Court should adopt the

well-reasoned opinion of the Ninth Circuit in *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d

1016, 1030 (9th Cir. 2020); the Solicitor General of the United States,[1] and the great majority of

other cases that have addressed the issue across the country.[2] They all conclude that the FAAAA

---

[1] Brief for the United States as Amicus Curae, *C.H. Robinson Worldwide, Inc. v. Miller*, ("*Miller* Amicus") No. 201425 (U.S., filed May 24, 2022) ("the majority of the district courts that considered such claims held that they are not preempted by the FAAAA.").

[2] Federal court cases. *See, e.g., Ubaldo v. F&A Border Transport, LLC,* No. 2022-CV-00047 (W.D. Tex. May 1, 2024); *Meek v. Toor,* 2024 WL 943931 at *2-3 (E.D. Tex. Mar. 5, 2024); *Torres v. Minnaar,* 2024 WL 778383 at *4-6 (E.D.

does not preempt state common law personal injury claims for negligent selection of an unsafe

trucking company or that the FAAAA's safety exception saves the claims.

### A. Plaintiff's claims against Defendant TQL are not within the purview of the FAAAA because the state safety exception applies.

The FAAAA's "preemption of personal injury tort claims is an issue on which the federal

courts across the country are deeply divided." *Hawkins v. Milan Express Inc.,* --F.Supp.3d--, 118

---

Tex. Feb. 26, 2024)\*\*; *Crawford v. Move Freight Trucking*, 2024 WL 762377 at (W.D. Va. Feb. 20, 2024); *Ruff v. Reliant Transp., Inc*., 2023 WL 3645719 (D. Neb. May 25, 2023)\*\*; *Hawkins v. Milan Express, Inc.,* 3:22-cv-51 (E.D. Tenn. Feb. 23, 2023)\*; *Wardingley v. Ecovyst Catalyst Tech.*, LLC, 2022 WL 16714139 (N.D. Ind. Nov. 4, 2022); *Estate of Wray v. Kennedy Brothers Logis,* 2022 WL 16550315 (E.D. N.C. Oct. 31, 2022)\*\*; *White v. Scottys' Contracting & Stone, LLC*, 2022 WL 4588417 (W.D. Ky. Sept. 29, 2022)\*\*; *Ortiz v. Ben Strong Tr., Inc*., 2022 WL 3717217 (D. Md. Aug. 29, 2022); *Mata v. Allupick, Inc.,* 2022 WL 1541294 (N.D. Ala. May 16, 2022); *Dixon v. Stone Truck Line, Inc.,* 2021 WL 5493076 (D.N.M. Nov. 23, 2021); *Taylor v. Sethmar Transp.,* 2021 WL 4751419 (S.D. W.Va. Oct. 12, 2021); *Gerred v. FedEx,,* 2021 WL 4398033 (N.D. Tex. Sept. 23, 2021)\*\*; *Montgomery v. Caribe Transport II*, 2021 WL 4129327 (S.D. Ill. Sept. 9, 2021); *Bertram v. Prog.*, 2021 WL 2955740 (W.D. La. July 14, 2021); *Reyes v. Martinez*, 2021 WL 2177252 (W.D. Tex. Mar. 28, 2021)\*\*; *Moyer v. Sinbad*, 2021 WL 1215818 (S.D. Ohio Mar. 31, 2021)\*\*; *Popal v. Reliable Cargo Delivery,* 2021 WL 1100097 (W.D. Tex. Mar. 10, 2021)\*\*; *Morrison v. JSK Transp., Ltd,* 2021 WL 857343 (S.D. Ill. March 8, 2021)\*\*; *Grant v. Lowes' Home Centers*, 2021 WL 288372 (D. S.C. Jan. 28, 2021)\*\*; *Youngers v. ATF*, 2020 U.S. Dist. LEXIS 165809 (D. N.M. Sept. 9, 2020)\*\*; *Ciotola v. Star Transp.*, 2020 WL 4934592 (M.D. Pa. Aug. 24, 2020); *Skowron v. CHR*, 480 F. Supp. 3d 316 (D. Mass. Aug. 14, 2020)\*\*; *Lopez v. Amazon*, 458 F. Supp. 3d 505 (N.D. Tex. 2020)\*\*; *Campos v. Benny Whitehead Logis.,* LLC, 2020 WL 1486107 (C.D. Cal. Mar. 27, 2020)\*\*; *Gilley .v CHR.,* 2019 WL 1410902 (S.D.W. Va. Mar. 28, 2019); *Huffman v. Evans Tr. Serv., Inc.,* 2019 WL 4143896 (S.D. Tex. Aug. 12, 2019 )\*\*; *Nyswaner v. CHR*, 353 F. Supp. 3d 892 (D. Ariz. 2019); *Hentz v. Kimball Transp.,,* 2018 WL 5961732 (M.D. Fla. Nov. 14, 2018)\*\*; *Finley v. Dyer*, 2018 WL 5284616 (N.D. Miss. Oct. 24, 2018); *Dnow, L.P. v. Paladin Freight Sol.,* 2018 WL 398235 (S.D. Tex. Jan. 12, 2018)\*\*; *Mann v. CHR*, 2017 WL 3191516 (W.D. Va. July 27, 2017); *Montes de Oca v. El Paso-LA Limo.*, 2015 WL 1250139 (C.D. Cal. Mar. 17, 2015)\*\*; *Morales v. Redco Transp*. Ltd., 2015 WL 9274068 (S.D. Tex. Dec. 21, 2015); *Ramos v. Aguirre*, 2014 WL 7149471 (C.D. Cal. Dec. 12, 2014)\*\*; *Owens v. Anthony*, 2011 WL 6056409 (M.D. Tenn. Dec. 6, 2011).

State court cases: *Prieto v. Campo*, No. 2022-002251-CA-01 (Fla. Cir. Ct. Apr. 24, 2024)\*; *Cogdill v. RG & EV Logistics,* No. 22NM-CV00463 (Miss. Dist. Ct. April 4, 2024); *Gulley v. Woodfork*, No. CV-2022-900033.80 (Ala. Cir. Ct. Feb. 5, 2024)\*; *Estelle v. C.H. Robinson*, Case No. 7:23-cv-432 (W.D. Va. Feb. 20, 2024)\*; *Ruff v. Reliant Transport., Inc.*, Case No. CI23-415 (Neb. Dist. Ct. Jan. 31. 2024)\*; *Black v. J. Holmes Trucking LLC, Total Quality Logs*., No. 22-CvS-1565 (N.C. Super. Ct. Dec. 8, 2023)\*; *Morales v. Bataineh*, Cause No. 5075 (Tex. Dist. Ct. Nov. 28, 2023)\*; *Kaipust v. Echo Global Log., Inc*., No. 22-L10688 (Ill. Cir. Ct. Nov. 17, 2023)\*; *Dyer v. Crowley Govt' Servs. Inc.*, Case No. 21PUCV0081 (Mo. Cir. Ct. Nov. 17, 2023)\*; *Mertz v. Coker Transp.,* No. 2022-195245-NI (Circuit Ct. Oakland, MI May 3, 2023)\*; *Kernan v. Plateau Transp., LLC*, No. 21-CI-00886 (Ky. Cir. Ct. Oct. 19, 2022)\*; *Hentz v. Kimball Transp., Inc.,* No. 2017CA000155AN (Ft. Cir. Ct. Aug. 10, 2022)\*; *Lagrange v. Boone, KLM Logis*., 337 So.3d 921 (La. App. Ct. Apr. 6, 2022); *Quinones v. Ladejo*, 174 N.E. 3d 407 (Ohio Ct. App. June 14, 2021); *Whitfield v. Puntland*, No. 20CA0000228AX (Fl. Cir. Ct. Mar. 24, 2021)\*; *Stewart v. L & L Transp*., Admin. Or. No. 1916-CV15876 (Mo. Cir. Ct. Jan. 6, 2020)\*; *Waughon v. Ford Motor Co*., 2019 WL 8223692 (Fla. Cir. Ct. Nov. 8, 2019); *Jones v. Singh*, No. STK-CV-UAT-2018-0011921 (Cal. Super. Ct. Apr.12, 2019)\*; *Whitinger v. Dhillon*, No. CJ-2013-120 (Okla. Dist. Ct. Nov. 17, 2017)\*; *Evans v. Primoris Serv. Corp.,* 2017 WL 11565277 (Tex. Dist. Ct. July 27, 2017); *Segura v. CHR*, No. C-2572-16- F (Tex. Dist. Ct. July 12, 2017)\*; *Sharp v. 68 Transp*., (Okla. Dist. Ct. Sept. 13, 2016).

Fed.R.Serv. 1697, 2024 WL 2559728, *3 (E.D. Tenn. May 24, 2024). There are three circuit court cases that the district courts tend to refer to, rely on, or distinguish from in making rulings on this issue.

### 1. *Miller v. C.H. Robinson Worldwide, Inc.*

In *Miller v. C.H. Robinson Worldwide, Inc.,* 973 F.3d 1016 (9th Cir. 2020), the Ninth Circuit found that while negligent selection claims against brokers were "related to" brokers' services such that the claim would fall withing the meaning of the FAAAA's preemption provision, but "negligence claims against brokers that stem from motor vehicle accidents are 'with respect to motor vehicles," and so fall within the safety exception. *Id.* at 1024-30. The facts in *Miller* are analogous to the facts in this case. In that case, the plaintiff suffered serious injuries when he was stuck by a tractor-trailer that was transporting goods which had been arranged for by a freight broker. *Id.* at 1020. The plaintiff's complaint alleged that the broker negligently selected an unsafe motor carrier. *Id.* at 1020-21. Facts supporting these allegations included that C.H. Robinson knew or should have known that the defendant trucking company had a history of safety violations and hours-of-service violations. *Id.* The *Miller* court construed the safety exception broadly and followed the well-settled principles of separation of federal and state power in describing Congress's intent to regulate economic authority of the States, not "the State's existing power over safety." *Id.* at 1026.

### 2. *Aspen American Insurance Company v. Landstar Ranger, Inc.*

The Eleventh Circuit case, *Aspen American Insurance Company v. Landstar Ranger, Inc.,* 65 F.4th 1261 (11th Cir. 2023), found that the safety exception did not save negligent brokering claims from preemption because they were not adequate "with respect to motor vehicles." *Id.* at

1270-72. Critically, the facts of *Aspen* are distinguishable from the present case. Several courts have refused to follow the reasoning in *Aspen* because the facts are so obviously distinguishable from negligent brokering claims that involve common law torts. *See e.g. Hawkins* 2024 WL 2559728, at *3; and *Pruitt v. Hansen & Adkins, Inc.,* 681 F. Supp. 1242, 1249 (M.D. Ala. July 12, 2023).

In *Aspen,* the broker was hired to secure a motor carrier to transport an expensive load of cargo across state lines. *Aspen, 65 F.4th at 1264.* The defendant broker mistakenly gave the shipment to a thief posing as a registered carrier of the broker. *Id.* The cargo's insurer sued, claiming the broker was negligent under Florida law for its selection of the carrier. *Id.* The facts of *Aspen* did not deal with a motor vehicle crash or a claim of personal injuries, making it clearly distinguishable from this case.

One court that found *Aspen* unpersuasive astutely observed that the court did not "appear to have meaningfully considered the presumption against Congression interference with traditional state authority." *Ruff v. Reliant Transportation, Inc.,* 674 F. Supp. 3d 631, 634 (D. Neb. 2023); *see also Hawkins,* 2024 WL 2559728, at *4. This point is vital to understanding why the state safety exception applies to negligent brokering claims.  As the *Ruff* court stated:

> The panel emphasized the distinction between a "broker" and a "motor carrier," however, **the panel did not answer the question: *broker for what?* Motor carriage.** [Defendant] and its fellow DOT **authorized brokers *exist* to arrange for the carriage of goods *by motor vehicle* – to put motor vehicles on the roads.**  A direct connection to motor vehicles, which seems to ask more than the statute does, appearing on the face of the relationship, the exception applies.

*Id.* at 635.

7

The *Aspen* case involved no allegations about a motor vehicle crash or motor vehicle standards, while this case is all about a motor vehicle crash and motor vehicle regulations and standards. The analysis in *Aspen* is not helpful here.

### 3. *Ye v. GlobalTranz Enterprises*

The final court opinion often referred to in this circumstance is *Ye v. GlobalTranz Enterprises,* 74 F.4th 453 (7th Cir. 2023). The Court in *Ye* followed *Aspen,* finding that a common law negligence claim against a broker is not a law that is "with respect to motor vehicles." *Id.* at 460. The *Ye* court's textual approach was based on the absence of the word "brokers" in the state safety exception. *Id.* The court's reasoned that the relationships between "brokers and motor vehicle safety will be indirect, at most," given that there is one extra link in the casual relationship. *Id.* at 461. Again, *Ye* ignores the question, "Broker for what?" *See Ruff,* 674 F. Supp. 3d at 635.

Similar to the *Aspen* court, many other courts have found this reasoning unpersuasive. *See, e.g. Hawkins,* 2024 WL 2559728 at *4; *Kaipust v. Echo Global Logistics, Inc.,* No. 22 L 10688 (Ill. Nov. 23, 2023). The court in *Kaipust* described *Ye* as "poorly reasoned," explaining:

> The Seventh Circuit reasoned that negligent hiring claims against brokers do not have a sufficient connection to the motor vehicle safety. Specifically, the court wrote, "[a]bsent unusual circumstances, the relationship between brokers and motor vehicle safety will be indirect, at most." *Ye,* 74 F.4th at 461. This does not make sense. The entire purpose of a broker is to arrange for the carriage of good by motor vehicles. In order to reach this decision, the Seventh Circuit inexplicably adopted too narrow of a reading of the phrase "with respect to motor vehicles."

*Id.*

The Tenth Circuit has not addressed this issue. Defendant relies on a recent order in *Trujillo v. Nucor Corp.,* No. 1:23-CV-00802-RM-SBP, 2025 WL 1251192, at *3 (D. Colo. Jan. 2, 2025) out of the District of Colorado. This case is not binding and is contrary to the well-settled

8

reasonable law that has arisen from most of the circuit courts when the case involves a motor vehicle crash and motor vehicle safety regulations. The Court, here, should follow the *Miller* line of cases because *Aspen* and *Ye,* like *Trujillo* are easily and significantly distinguishable from the facts in this case.

### 4. *The state safety exception should be interpreted broadly, thus defining any preemption of Plaintiff's claims.*

The *Miller* line of cases more faithfully aligns with Congress's clear purpose in enacting the safety exception. *See Miller,* 973 F.23d at 1026. "[W]hile it is possible to construe a safety regulation authority of a State more narrowly, "when the text of a preemption clause is susceptible of more than one plausible reading, courts ordinarily 'accept the reading that disfavors pre-emption.'" *Id.* (quoting *CTS Corp. v. Waldburger,* 573 U.S. 1, 19 (2014). "Because a narrower construction of this clause would place a large body of state law beyond the reach of the exception," it is appropriate to interpret the clause broadly. *Id.* This approach is "consistent with both federalism concerns and the history primacy of state regulation of matters of health and safety." *Id.* (internal quotations omitted).

This outcome just makes sense, given the facts of this case. Defendant TQL acted as a broker to *broker motor carriage.* It is hard to figure out how to describe what could be more "with respect to motor vehicles" than arranging for motor carriage.

### III.   Plaintiff has sufficiently pled claims for negligent undertaking, vicarious liability, joint venture and joint enterprise liability.

Importantly, the degree of specificity necessary to establish plausibility depends on context, requiring the court to utilize both judicial experience and common sense. *Iqbal,* 556 U.S. at 679; *see also Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008) (distinguishing the

types of factual allegations required for a simple negligence claim from those required in an antitrust action. Plaintiff is not required to set forth all the potential documents and every citation to the law the supports the allegations of the Complaint. Rather, Plaintiff, at the pleading stage must set forth a short, plain statement of the claim showing the pleader is entitled to relief. This has been done in Plaintiff's rather extensive detailed Second Amended Complaint.

Plaintiff's negligent undertaking claim is sufficiently pled. The only case cited by Defendant TQL is *Getzel v. ATS,* 1:21-cv-02836, 2024 WL 446038, at*5 (D. Colo. January. 19, 2024). In the *Getzel* case, the plaintiff did not actually assert a wrongful undertaking claim and instead tried to reframe her negligent training, supervision and entrustment claim as a negligent undertaking claim, leading to the Court's dismissal of that claim. Here, Plaintiff has properly pled a negligent undertaking claim.

"One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service, or while other means are available, to give notice that he will not perform." 2 *Restatement, Agency,* Section 378 (1958). The promise can grow out of a *contractual* relationship and when it does so, the duty emerges more clearly than where there is no such relationship. *Lester v. Marshall,* 352 P.2d 786 (Colo. 1960). The pre-existing agency gives character to an undertaking which might otherwise be regarded as too vague to justify reliance. *Id.* Existence of an agency supported by consideration renders more credible the fact of the undertaking as well as the reliance. *Id.* Thus, Defendant TQL's argument that there has to be

10

an independently assumed obligation fails and must be disregarded. Plaintiff's negligent undertaking claim as pled is sufficient.

Next, Defendant TQL challenges Plaintiff's vicarious liability claims. Plaintiff presumes Defendant TQL is addressing the claims for negligent and/or reckless hiring/supervision/retention of Defendant Cruz-Mendoza and Monique Trucking. A claim for negligent hiring addresses the risk created by exposing members of the public to a potentially dangerous individual, while the doctrine of *respondeat superior* is based on the theory that the employee is the agent or is acting for the employer. *Connes v. Molalla Transport System, Inc.,* 831 P.2d 1316, 1320-21 (Colo. 1992). Therefore, the scope of the employment limitation on liability which is part of the *respondeat superior* doctrine is not implicit in the wrong of negligent hiring. *Id.* at 1321. This claim is sufficiently pled and provides a detailed account of each of the failures by Defendant TQL which thereby exposed the public to the dangerous acts of Defendant Cruz-Mendoza. At this early stage, the claim should be allowed to proceed.

Finally, Defendant TQL seeks to dismiss Plaintiff's joint venture and joint enterprise liability claims. Again, Defendant TQL's argument fails. Colorado courts have looked to a three-part test in determining the existence of a joint venture: (1) there must be a joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to *share in the profits and losses of the venture;* and (3) there must be actions and conduct showing co-operation in the project. *Bainbrich v. Wells,* 476 P.2d 53 (Colo. 1970). Here, the Second Amended Complaint contains allegations that meet the three-part test and satisfy the pleading requirements. As such, the joint venture and joint enterprise claims should be allowed to proceed.

11

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Total Quality

Logistics, LLC's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint [Doc.

43].

Respectfully submitted on January 5, 2026 by:


/s/ DezaRae D. LaCrue
DezaRae D. LaCrue
Caitlin J. Curley
Franklin D. Azar and Associates, P.C.
14426 E. Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Fax: (303) 759-5203
E-mail: lacrued@fdazar.com
        curleyc@fdazar.com

*Attorneys for Plaintiff*

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT TOTAL QUALITY LOGISTICS, LLC'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS SECOND AMENDED COMPLAINT [DOC. 43]** with the Clerk of Court using the CM/ECF system which caused service to be made via electronic mail upon:

Kevin G. Ripplinger, #35165
Patterson Ripplinger PC
5613 DTC Parkway
Suite 400
Greenwood Village, CO 80111
303-741-4539
303-741-5043 (fax)
kripplinger@prpclegal.com
*Attorneys for Defendant*
*Ignacio Cruz-Mendoza*

Allison Burke, #53916
Theodore J. O'Brian, #61623
TAFT STETTINIUS & HOLLISTER, LLP
675 Fifteenth Street, Suite 3200
Denver, CO 80202
(303) 297-2900
aburke@taftlaw.com
tobrian@taftlaw.com
*Attorneys for Defendant*
*Total Quality Logistics, LLC*

Brittney Vig
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
303.572.5330 (Direct)
303.572.5300 (Main)
303.572.5301 (Fax)
brittney.vig@wilsonelser.com
*Attorneys for Defendant*
*Monique Trucking, LLC*

Michael J. Decker, Esq.
Gordon A. Queenan, Esq.
Murphy & Decker, P.C.
730 17th St., Suite 925
Denver, CO 80202
(914) 844-9137
mdecker@murphydecker.com
gqueenan@murphydecker.com
*Attorneys for Defendant*
*Searing Industries Wyoming, Inc.*

Mark J. Jachmiak, No. 30044
Brandon O. Hawkins, No. 49069
Jachimiak Peterson Kummer
860 Tabor Street, Suite 200
Lakewood, CO 80401
Phone: 303.863.7700
Fax: (303) 830-8772
Email: mark@jpk.law
*Attorneys for Defendant*
*Intsel Steel West LLC*

/s/ DezaRae D. LaCrue
DezaRae D. LaCrue
Franklin D. Azar and Associates, P.C.
*Attorneys for Plaintiff*

13