IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-2457-TPO

ANNETTE MARTIN,

      Plaintiff,

v.

IGNACIO CRUZ-MENDOZA, MANRIQUE AGRAMON, TOTAL QUALITY LOGISTICS, LLC, a foreign corporation registered to do business in Colorado; SEARING INDUSTRIES WYOMING, INC., a foreign corporation; MONIQUE TRUCKING, LLC, a foreign corporation; and INTSEL STEEL WEST, LLC, a foreign corporation,

      Defendants.

---

## PLAINTIFF'S RESPONSE TO DEFENDANT INTSEL STEEL WEST LLC'S MOTION TO DISMISS [DOC. 50]

---

Plaintiff, by and through her attorneys, Franklin D. Azar & Associates, P.C., submits the following Response to Defendant Intsel Steel West LLC's Motion to Dismiss [Doc. 50, Filed 12/30/2025]:

### Defendant Intsel's Motion should be converted to a Motion for Summary Judgment

The Tenth Circuit has stated that "if matters outside the pleading are presented to and not excluded by the Court, a Rule 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56." *David v. City & Cnty. Of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996). Defendant Intsel, in its Motion to Dismiss, provides the Court with new information not provided in Plaintiff's Complaint: deposition testimony of Defendant Cruz-Mendoza and a copy of the bill of lading. Additionally, Defendant Intsel makes

factual assertions (i.e. Intsel had no rule in selecting the driver or carrier, Intsel merely purchased the steel, there is no contractual or agency relationship between Intsel and the other Defendants, Intsel acted reasonably in relying on Monique Trucking's and Cruz-Mendoza's USDOT and/or MC numbers, and that Intsel was not involved in the loading or departure of the goods and provided no direction to Cruz. *See Intsel's Mot. to Dismiss, pp. 2-6, inclusive.* Because all of this information and these factual assertions provided by Defendant Intsel are outside of the pleading and would require consideration for the Court to dismiss Plaintiff's claims against Intsel, the Court should determine that Defendant's Motion to Dismiss should be converted to a Motion for Summary Judgment. Given the procedural posture of the case (no disclosures or discovery have been had), it would be appropriate for the Court to defer considering the Motion for Summary Judgment or deny it to allow discovery to take place and allow Plaintiff an opportunity to discover and present facts not currently available to her. *Fed. R. Civ. P. 56(d); See Affidavit of DezaRae LaCrue,* attached as **Exhibit 1.**

## LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of Cnty. of Arapahoe,* 633 F.3d 1022, 1025 (10th Cir. 2011). To survive a motion to dismiss, "a plaintiff must allege that 'enough' factual matter, taken as true, [makes] his claim for relief…plausible on its face.'" *Id.* (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Importantly, the degree of specificity necessary to establish plausibility depends on context, requiring the court to utilize both judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); see also *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (distinguishing the types of factual allegations required for a simple negligence claim from those required in an antitrust action. Plaintiff is not required to set forth all the potential documents and every citation to the law the supports the allegations of the Complaint. Rather, Plaintiff, at the pleading stage must set forth a short, plain statement of the claim showing the pleader is entitled to relief. This has been done in Plaintiff's rather extensive detailed Second Amended Complaint.

## I.    Plaintiff's Complaint sufficiently pleads the existence of a duty for Intsel.

Defendant Intsel contends that Plaintiff's allegations about the existence of a contractual relationship or agency relationship is unfounded and thus concludes Intsel has no duty to Plaintiff. Defendant Intsel relies on the limited factual information available at this point in the litigation – the deposition of Defendant Cruz-Mendoza in a different action to support its contention that there is no factual basis for any agency or contractual relationship between Defendant Intsel and the other Defendants. Defendant Intsel relies on factual averments not contained in the pleadings to support its position. Finally, Defendant Intsel provides no legal authority to justify its position that a purchaser of goods, like Intsel, in no circumstances can owe a duty to someone like the Plaintiff.

A claim for negligent hiring addresses the risk created by exposing members of the public to a potentially dangerous individual, while the doctrine of *respondeat superior* is based on the theory that the employee is the agent or is acting for the employer. *Connes v. Molalla Transport System, Inc.,* 831 P.2d 1316, 1320-21 (Colo. 1992). Plaintiff's claims for negligent/reckless hiring/supervision/retention/selection of Defendants Monique and Cruz-Mendoza pleads a legal

3

duty owed by Defendant Intsel and provides numerous detailed allegations regarding how this duty was breached and resulted in harms to the Plaintiff. These well-pleaded facts accepted as true and considered in the light most favorable to the Plaintiff support a finding that Plaintiff's claims sufficiently plead the existence of a duty on behalf of Intsel to the Plaintiff.

**II.      Plaintiff's claim for negligent undertaking is applicable and sufficiently pled.**

Defendant Intsel next contends that Plaintiff's negligent undertaking claim is inapplicable here because the cause of action is reserved only for "Good Samaritan" or "assumption of the risk" cases. Defendant Intsel also concludes that because Intsel took no action to provide assistance to the Plaintiff, it cannot be held liable for this claim. The clear language of the Restatement of Torts, as adopted by Colorado Courts, clearly includes both gratuitous and for consideration undertaking and thus is not limited solely to Good Samaritan cases. *De Caire v. Public Svc. Co.,* 479 P.2d 964, 967 (Colo. 1971). Further, Plaintiff's claim does not contend that Defendant Intsel undertook to provide assistance to the Plaintiff or any other motorist injured in this collision.

Plaintiff's negligent undertaking claim is premised on Defendant Intsel undertaking the obligation to safely transport goods on public highways. The Second Amended Complaint contends that Defendant Intsel failed to act reasonably in this undertaking by hiring an unsafe company/driver and details in numerous allegations how such undertaking was negligent. Defendant Intsel provides no legal basis that such claim is not plausible and again points only to the limited factual information provided by Cruz-Mendoza as its factual basis for its position. The facts provided in Plaintiff's negligent undertaking claim, if accepted as true and considered in the light most favorable to the Plaintiff support a finding that this claim is sufficiently pled and should not be dismissed.

4

### III.     Plaintiff's Joint Venture/Enterprise Claims are sufficiently pled.

Defendant Intsel's final argument seeks to dismiss Plaintiff's joint venture and joint enterprise claims. Defendant Intsel again makes factual assertions outside of the pleadings to contend that Intsel did not have any control or agency relationship with the trucking company or driver and that Intsel was only a co-signee of the steel. Plaintiff's Second Amended Complaint sufficiently pleads the required elements of a joint venture: (1) there must be a joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to *share in the profits and losses of the venture;* and (3) there must be actions and conduct showing co-operation in the project. *Bainbrich v. Wells,* 476 P.2d 53 (Colo. 1970). Plaintiff's allegations accepted as true and considered in the light most favorable to the Plaintiff should lead the Court to allow the claim to proceed at this early stage.

WHEREFORE, Plaintiff requests the Court deny Defendant Intsel's Motion to Dismiss.

Respectfully submitted on January 19, 2026 by:

> /s/ DezaRae D. LaCrue
> DezaRae D. LaCrue
> Caitlin J. Curley
> Franklin D. Azar and Associates, P.C.
> 14426 E. Evans Avenue
> Aurora, CO 80014
> Telephone: (303) 757-3300
> Fax: (303) 759-5203
> E-mail: lacrued@fdazar.com
>         curleyc@fdazar.com
>
> *Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT INTSEL STEEL WEST LLC'S MOTION TO DISMISS [DOC. 50]** with the Clerk of Court using the CM/ECF system which caused service to be made via electronic mail upon:

Kevin G. Ripplinger, #35165
Patterson Ripplinger PC
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
303-741-4539
303-741-5043 (fax)
kripplinger@prpclegal.com
Attorneys for Defendant
Ignacio Cruz-Mendoza

Allison Burke, #53916
Theodore J. O'Brian, #61623
TAFT STETTINIUS & HOLLISTER, LLP
675 Fifteenth Street, Suite 3200
Denver, CO 80202
(303) 297-2900
aburke@taftlaw.com
tobrian@taftlaw.com
Attorneys for Defendant
Total Quality Logistics, LLC

Brittney Vig
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
303.572.5330 (Direct)
303.572.5300 (Main)
303.572.5301 (Fax)
brittney.vig@wilsonelser.com
Attorneys for Defendant
Monique Trucking, LLC

Michael J. Decker, Esq.
Gordon A. Queenan, Esq.
Murphy & Decker, P.C.
730 17th St., Suite 925
Denver, CO 80202
(914) 844-9137
mdecker@murphydecker.com
gqueenan@murphydecker.com
Attorneys for Defendant
Searing Industries Wyoming, Inc.

Mark J. Jachmiak, No. 30044
Brandon O. Hawkins, No. 49069
Jachimiak Peterson Kummer
860 Tabor Street, Suite 200
Lakewood, CO 80401
Phone: 303.863.7700
Fax: (303) 830-8772
Email: mark@jpk.law
Attorneys for Defendant
Intsel Steel West LLC

/s/ DezaRae D. LaCrue
DezaRae D. LaCrue
Franklin D. Azar and Associates, P.C.
14426 E. Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Fax: (303) 759-5203
E-mail: lacrued@fdazar.com
Attorneys for Plaintiff

6