IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02457-TPO

ANNETTE MARTIN,

 Plaintiff,

v.

IGNACIO CRUZ-MENDOZA;
MANRIQUE AGRAMON;
TOTAL QUALITY LOGISTICS, LLC, a foreign entity registered to do business in Colorado;
SEARING INDUSTRIES WYOMING, INC., a foreign corporation;
MONIQUE TRUCKING, LLC, a foreign corporation; and
INSTEL STEEL- WEST LLC, a foreign corporation,

 Defendants.

---

## DEFENDANT TOTAL QUALITY LOGISTICS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF 43]

---

Defendant Total Quality Logistics, LLC ("TQL"), submits this Reply in Support of its Motion to Dismiss Plaintiff Annette Martin's Second Amended Complaint as to TQL [ECF 43].

### I. INTRODUCTION

Plaintiff's Response to TQL's Motion to Dismiss [ECF 52] (the "Response") confirms that her Second Amended Complaint should be dismissed, with prejudice. There is no pled basis to impose liability on TQL. Plaintiff chose to sue a federally regulated freight broker for a roadway collision yet pleads *no facts* which plausibly suggest TQL could be liable. What Plaintiff does instead is lump TQL into a generic cast of "Defendants" so she can get her case into discovery. That is not how federal pleading works.

Furthermore, federal preemption under the Federal Aviation Administration Authorization Act (FAAAA) ends this case as to TQL. Plaintiff's theories attack TQL's core broker services,

1

specifically the arrangement and selection of a motor carrier to transport steel in interstate commerce. Those are the very services Congress shielded from state regulation. The FAAAA expressly preempts state laws and common law rules "related to" broker services. Courts in this District have adopted the Seventh and Eleventh Circuits' approach, holding that negligence claims against brokers for carrier selection are preempted and the "safety exception" does not rescue them. Plaintiff's Response offers no principled reason to deviate from the conclusions reached by other courts in this District or from the statutory text.[1]

This is Plaintiff's second amended pleading. The legal defects are not technical and they are not curable by discovery. They flow from the role Congress assigned to freight brokers and from basic pleading rules that require facts, not conclusions. The Court should dismiss all claims against TQL with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Claims Should Be Dismissed Because There Are No Well-Pleaded Allegations to Support Claims Against <u>TQL</u>.

Plaintiff's claims should be dismissed because – setting aside all improperly "group pleaded" allegations lodged against Defendants – there are no well-pleaded facts against <u>TQL</u> to support her claims against it.

In her Response, Plaintiff still identifies no facts *specific to TQL. (See generally* Resp.) She has not – and cannot – explain how her "group pleading" against "Defendants" satisfies her

---

[1] The United States Supreme Court will resolve the circuit split this term when it issues a decision in *Montgomery v. Caribe Transport II, LLC*, No. 23-1191, where the question presented is: "Does § 14501(c) [of the FAAAA] preempt a state common-law claim against a broker for negligently selecting the carrier or driver?" Oral argument is scheduled for March 4, 2026.

pleading obligations *against TQL* under Rule 8. Instead, Plaintiff offers many explanations for why she believes her Second Amended Complaint is sufficient. The Court should reject every one.

First, Plaintiff suggests that the length of her Second Amended Complaint – 43 pages and 190 separate allegations – deems it sufficient under Rule 8. (Resp. at 3.) Plaintiff fails to identify where in those 43 pages and 190 separate allegations (including numerous subparts) the specific factual allegations relating to TQL's alleged wrongdoing can be found. (*See generally* Resp.) She never identifies *a single fact* alleging what TQL did to her, when TQL did it, how TQL's actions harmed her, and the specific legal right Plaintiff believes TQL violated. (*See generally id.*) These are threshold requirements of a complaint filed in federal court. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Second, Plaintiff states that "some claims are grouped against a group of Defendants," but "not all claims are." (Resp. at 3.) Plaintiff appears to be referring to the fact that she pleaded certain *claims* against Defendants collectively, but other *claims* against Defendants individually. (*See, e.g.*, SAC ¶¶ 125–135 (negligent undertaking claim alleged against TQL); ¶¶ 159–171 ("joint venture" claim alleged against "Defendants").) This argument mistakes Plaintiff's obligation to plead *facts* in support of her *claims*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Chambers v. Cooper*, No.13-cv-00393-REB-MEH, 2014 WL 561371, at *1 (D. Colo. Feb. 12, 2014) ("There is no theory of pleading under which the *gestalt* of the complaint would forgive a party's failure to plead any actual facts in support of its claims"). It does not matter how Plaintiff styled her claims. What matters is that she did not plead *facts* against TQL to support those claims.

3

Third, Plaintiff states, with zero legal support, that she need not allege facts against any specific defendant "[i]n a case involving multiple defendants acting in concert." (Resp. at 3.) This is not the law.[2] *See Morris v. Patterson*, No. 22-cv-01721-LTB-GPG, 2022 WL 22872786, at *2 (D. Colo. Oct. 28, 2022) (dismissing complaint under Rule 8 where "Plaintiff fails to allege well-pled facts in a clear, concise, and organized manner describing what each defendant personally did, when each defendant did it, how each defendant's action (or inaction) harmed Plaintiff, and how each defendant violated Plaintiff's federal rights"). Even if it were the law, Plaintiff's allegations that TQL acted "in concert" with the other Defendants are too conclusory to state claims against TQL that are plausible on their face. "Simply asserting action that might have appeared to have been concerted is insufficient to allege the well-pleaded fact of an agreement to act in concert." *Harris v. Commerce City*, No. 09-cv-01728-MSK-KMT, 2010 WL 3307465, at *5 (D. Colo. Aug. 18, 2010) (stating that "without some articulation of *facts* that would plausibly demonstrate that [individual] agreed, expressly or tacitly, with others to an affect an arrest of [plaintiff] that the parties knew would otherwise be unlawful, [plaintiff] has failed to sufficiently plead a claim for civil conspiracy"); *Chambers*, 2015 WL 561371 at *1 ("Plaintiff's repeated incantation of his premise that all defendants acted 'in partnership' with one another is not a fact, but a conclusion untethered from any facts that might support such an inference with respect to

---

[2] While the District of Colorado has recognized exceptions to the "group pleading" prohibition when it would be "unfair to require Plaintiff to … identify which specific Defendant committed which specific act during the incident in question … based on the circumstances alleged," *Bark v. Chacon*, No. 10-cv-01570-WYD-MJW, 2011 WL 1884691, at *6 (D. Colo. May 18, 2011), and in securities fraud cases to attribute corporate statements to "one or more individual defendants based solely on their corporate titles," *Lamothe v. Decentral Life, Inc.*, No. 23-cv-03251-RMR-STV, 2024 WL 5055576, at *4 (D. Colo. Oct. 24, 2024) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 363 (5th Cir. 2004)), neither of these exceptions applies here, and Plaintiff does not argue that they do. (*See generally* Resp.)

these defendants"). In her SAC, Plaintiff alleges "Defendants acted as a single entity and operated and conducted business as a single entity for transporting goods in interstate commerce," "Defendants were engaged in the joint undertaking of a particular transaction for mutual profit…," and "Defendants acted as a joint venture for transporting goods in interstate commerce." (SAC ¶¶ 25–27.) These are conclusory allegations – *not facts* to support any plausible inference that TQL acted "in concert" with other Defendants.

Fourth, Plaintiff justifies her threadbare allegations against TQL by characterizing this as "a simple negligence action." (Resp. at 3–4.) Plaintiff cites no District of Colorado case that has excused a plaintiff from meeting the requirements of Rule 8 *as to each defendant* because the case is "simple." And the lone case Plaintiff relies on for this argument – *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) – makes no such exception. It simply states that "[c]ontext matters in notice pleading." *Id.* at 1248 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231–32 (3d Cir. 2008)). The simplicity of a case does not wholly excuse Plaintiff from pleading facts. Any "group pleading—which fails to differentiate between the Defendants and their respective acts or omissions—violates Rule 8." *Grays v. TSG Auto*, No. 1:18-cv-01762-SKC, 2019 WL 13196153, at *3 (D. Colo. June 21, 2019); *see also, e.g.*, *EEOC v. Mile Hi Foods, Co.*, No. 1:24-cv-02703-DDD-KAS, 2025 WL 3771286, at *2 (D. Colo. Sept. 18, 2025) (dismissing group pleading claims against defendant where plaintiff "provides no allegations against QSR—not even conclusory ones—that would suggest it is liable for the Title VII violations its complaint describes").

Fifth and finally, Plaintiff points to her allegations in Paragraphs 6–7, 10–14, 20–33, 37, 62–63, 65, 69–71, 73–76, 122–123, and 134 as detailing TQL's "role as a broker and its role in the underlying factual circumstances of the case." (Resp. at 4.) But the only allegations of these that,

5

specifically, refer to TQL establish the following:

- TQL "is a foreign limited liability company." (SAC ¶ 6.)

- "TQL is a broker." (*Id.* ¶ 7.)

- "Mr. Cruz-Mendoza was sent to the Searing facility on June 11, 2024, by TQL, the broker." (*Id.* ¶ 37.)

Plaintiff's remaining allegations are against "Defendant" collectively. "Group pleading violates Rule 8 when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants." *Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018). As explained in TQL's Motion, each of the Defendants in this case is unique, and has differing relationships (mostly tenuous) to the car accident at issue. (*See* ECF 43 at 4.) TQL is a broker and was the broker for the Steel Load that was ultimately involved in the Accident. (*See id.*) Plaintiff's group-pleaded allegations against "Defendants" collectively are inappropriate here where certain facts *cannot* apply to certain Defendants. Plaintiff does not respond to this argument. (*See generally* Resp.)

Simply put, removing the allegations against "Defendants," the remaining threadbare facts against TQL do not nudge Plaintiff's "claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> **B.**     **Plaintiff's Claims Against TQL Should Be Dismissed Because They Are Preempted by the Federal Aviation Administration Authorization Act.**

In her Response, Plaintiff does not dispute that her claims are preempted if this Court follows the approach adopted by the Eleventh and Seventh Circuit Courts of Appeal in *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023), and *Ye v. GlobalTranz Enterprises*, 74 F.4th 453 (7th Cir. 2023). (*See generally* Resp.) Under *Aspen* and *Ye*, state

common law claims like Plaintiff's are preempted under the Federal Aviation Authorization Administration Act and the "safety exception" does not save them.

To escape this indisputable conclusion, Plaintiff instead asks this Court to adopt the other side of the circuit split, as articulated by the Ninth Circuit in *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1030 (9th Cir. 2020)" (*id.* at 4), which has held that state negligence claims do fall within the "safety regulatory authority of a State" and are therefore not preempted. *Miller*, 976 F.3d at 1026–31. The Court should reject Plaintiff's invitation to do so.

Plaintiff sets forth several reasons why the Court should follow *Miller* and not *Aspen or Ye*. None carry the day. *First*, Plaintiff argues *Aspen* should not apply because it is distinguishable in that it "did not deal with a motor vehicle crash or a claim of personal injuries." (Resp. at 7.) This is a distinction that does not make a difference. After deciding *Aspen*, the Eleventh Circuit again followed its own reasoning in *Gauthier v. Hard to Stop LLC*, No. 22-10774, 2024 WL 3338944, at *1–2 (11th Cir. July 9, 2024), in a case that *did* involve a traffic accident and resulting death. In *Gauthier*, the Eleventh Circuit expressly rejected the plaintiff's argument that "cases arising from traffic accidents (like this one) should be treated differently than cases arising from property loss (like *Aspen*)." *Id.* at *2. The Eleventh Circuit held that the nature of the claimed injury does not matter:

> ***But the nature of the injury is not what matters for purposes of the Act's preemption provision.*** Any claim that a broker negligently selected a driver to haul a load of property clearly falls within Section 14501(c)(1) because, as just noted, that claim seeks to regulate the broker's "performance of [its] core transportation-related services." [*Aspen*, 65 F.4th at 1268.] And such claims do not arise from an exercise of "the safety regulatory authority of a State with respect to motor vehicles," 49 U.S.C. § 14501(c)(2)(A), which requires that the relevant state law "have a direct relationship to motor vehicles," *Aspen*, 65 F.4th at 1271. We made that clear in *Aspen* by holding that negligent-selection-of-broker claims necessarily lack a direct relationship because "the services [a broker] provides have no direct

7

connection to motor vehicles." *Id.* at 1272 (quoting *Miller* [*v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1031 (9th Cir. 2020)] (Fernandez, J., concurring in part and dissenting in part)). ***Our holding in Aspen that a challenge to a broker's front-end selection of a motor carrier is preempted in no way turned on the back-end injury suffered as a result of the allegedly negligent selection.***

*Id.* (emphases added). Courts around the country have agreed that there is no basis for treating claims involving traffic accidents or personal injuries differently for purposes of FAAAA preemption. *See, e.g.*, *Ye*, 74 F.4th at 456 (claims arising out of highway accident resulting in death preempted by FAAAA and not saved by the "safety exception"); *Gobble v. Land Jets Trans Inc.*, No. 24-cv-01805-RMR-NRN, 2025 WL 1568100, at *1–5 (claims arising out of interstate accident resulting in death preempted by FAAAA and not saved by the "safety exception");

*Second*, Plaintiff tries to distinguish *Trujillo v. Nucor Corp.*, No. 1:23-cv-00802-RM-SBP, 2025 WL 1251192 (D. Colo. Jan. 2. 2025) – the District of Colorado case that adopted the *Aspen* and *Ye* rule – to suggest that this Court follow *Miller* instead. (*See* Resp. at 8–9.) She concludes – without legal support – that *Trujillo* "is not binding and is contrary to well-settled reasonable law that has arisen from most of the circuit courts when the case involves a motor vehicle crash and motor vehicle safety regulations."[3] (*Id.*) Even if *Trujillo* is not binding as a district court decision, Plaintiff offers no reason this Court should depart from *Trujillo*'s decision. (*See generally* Resp.) And as explained, the District of Colorado has already recognized that "the general trend of authority among district courts ***overwhelmingly follows the Ye/Aspen*** line of cases" – ***not Miller.***

---

[3] While Plaintiff cites many cases which purport to follow the analysis of *Miller* (*see* Resp. at 4 n.2), most of these cases were decided before *Aspen* and *Ye* came out on the other side. And some do not even address the specific issue before this Court through TQL's Motion. For example, Plaintiff's footnote cites *Torres v. Minnar*, No. 4:23-CV-486-SDJ, 2024 WL 778383 (E.D. Tex. Feb. 26, 2024) as a federal cases which has adopted *Miller*. (*See* Resp. at 4 n.2.) In *Torres*, the federal court was deciding a motion to remand and the issue of whether the court had federal question jurisdiction because of the defendant's preemption defense. 2024 WL 778383 at *1.

*Trujillo*, 2025 WL 1251192 at \*4. Plaintiff does not even attempt to distinguish the other District

of Colorado decision – *Gobble v. Land Jets Trans Inc.* (*See generally* Resp.) In *Gobble*, Magistrate

Judge Neureiter, relying on the analysis of a Western District of Oklahoma decision – *Schriner v.*

*Gerard*, No. CIV-23-206-D , 2024 WL 3824800, at \*7 (W.D. Okla. Aug. 14, 2024)[4] – also adopted

*Aspen* and *Ye*, finding "the reasoning of *Schriner*, *Ye*, and *Aspen* to be persuasive." *Id.* at \*4.

In short, the Court should adopt the rationale of *Aspen* and *Ye* – as two other Courts in this

District have done – and dismiss Plaintiff's claims as preempted by the FAAAA.

### C.      Plaintiff's Claims Against TQL Should Be Dismissed for Other Independent Reasons.

Plaintiff's remaining reasons why her claims should not be dismissed each miss the mark.

First, argues she adequately pleaded her negligent undertaking claim by reciting various

principles of agency law. (*See* Resp. at 10 (citing Restatement (Second) of Agency § 378).) But

Plaintiff does not respond to TQL's other basis for dismissing the negligent undertaking claim –

that the facts supporting this claim are conclusory and non-specific. (*See generally* Resp.) Without

non-conclusory factual allegations to plausibly state a claim for negligent undertaking, the Court

should dismiss this claim. *See VDARE Found. v. City of Colorado Springs*, 449 F. Supp. 3d 1032,

1040 (D. Colo. Mar. 27, 2020) (a claim survives a motion to dismiss only if it is supported by

plausible allegations – i.e., more than "legal conclusions, bare assertions, or merely conclusory"

allegations).

As to Plaintiff's vicarious liability claims, she responds to an argument that TQL did not

---

[4] In *Schriner*, the Western District of Oklahoma explained that *Miller*'s "broad reading would allow
the exception to swallow the rule of preemption related to brokers' services." 2024 WL 3824800
at \*7.

make – specifically, that she need not allege that Mr. Cruz-Mendoza was acting within his scope of employment at the time of the Accident. (*See* Resp. at 11.) But what Plaintiff fails to do is identify specific facts that support (1) negligent hiring; or (2) any other theory of vicarious liability. (*See generally id.*) As explained in the Motion, there are no facts establishing an employer-employee relationship or any other special principal-agent relationship sufficient to support these vicarious liability claims. (*See* Mot. at 14–15.)

Finally, as to Plaintiff's joint venture and joint enterprise liability claims, she refers to inapposite case law on the existence of a "joint venture" and simply concludes that "the Second Amended Complaint contains allegations establishing one exists. (Resp. at 11 (citing *Bainbrich v. Wells*, 476 P.2d 53 (Colo. 1970).) But she does not identify those allegations – she simply assures us they are there. Like Plaintiff's other claims, these two joint venture and joint enterprise liability claims should be dismissed.

## III.    <u>CONCLUSION</u>

Defendant Total Quality Logistics, LLC requests that all claims against it be dismissed with prejudice.

DATED: January 20, 2026

TAFT STETTINIUS & HOLLISTER LLP

*s/ Allison R. Burke*  
Allison Burke, (#54916 )  
Theodore J. O'Brien, (#61623)  
675 Fifteenth Street, Suite 2300  
Denver, CO 80202  
Telephone: (303) 297-2900  
Facsimile: (303) 298-0940  
Email: aburke@taftlaw.com

10

tobrien@taftlaw.com

*Attorneys for Defendant Total Quality Logistics,
LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2026 a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF 43]** was filed and served with the Clerk of the Court using the CM/ECF with service on all counsel of record.

*s/ Faith I. Brockman*
Faith I. Brockman, Legal Assistant

12