## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-2457-TPO

**ANNETTE MARTIN**

PLAINTIFF,

v.

**IGNACIO CRUZ-MENDOZA,**

**MANRIQUE AGRAMON,**

**TOTAL QUALITY LOGISTICS, LLC.,**

**SEARING INDUSTRIES WYOMING, INC.,**

**MONIQUE TRUCKING LLC, and**

**INTSEL STEEL WEST LLC**

DEFENDANTS.

### DEFENDANT INTSEL STEEL WEST LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Intsel Steel West LLC ("Intsel"), by and through its undersigned counsel, Jachimiak Peterson Kummer, LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Reply in Support of Motion to Dismiss and in support thereof, Intsel states as follows:

Plaintiff's Response to the Motion to Dismiss highlights the lack of evidence to support her claim. Plaintiff's Response and attached Affidavit share one common theme – a plea for more time to engage in a fishing expedition with the hopes of finding something that supports a claim – either an existing claim or a new claim - against Intsel. The Court should not let Plaintiff and her counsel make a mockery of Rule 11 and use the civil litigation process to engage in a fishing expeditions designed to harass and burden a party in hopes of finding facts that could support a claim. A Rule 12(b)(6) motions tests the sufficiency of the complaint as plead, not what Plaintiff thinks can be found in the future if permitted to conduct discovery. The Court should dismiss the claims against Intsel.

### ARGUMENT

A. <u>Intsel's Motion to Dismiss shouldn't be converted to a motion for summary judgment</u>

Plaintiff's first argument is not to address the factual deficiencies in her Complaint, but rather to challenge the characterization of the Motion as one for summary judgment rather than as a one to dismiss. Plaintiff does not address any of the legal arguments raised in Intsel's Motion on this issue. Rather, Plaintiff ignores Intsel's arguments and makes patently false statements. Federal law holds that "[i]f, on a motion under Rule 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 […]." However, "[t]hough 'matters outside the pleadings' may not be considered on a Fed. R. Civ. P. 12 motion to dismiss, documents necessarily embraced by complaint are not matters outside pleading." <u>See, e.g.</u>, *Enervations, Inc. v. 3M,* 380 F.3d 1066, 1069 (8th Cir. 2004), citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). This is because "[…] if a plaintiff does not incorporate by reference or

attach a document to its complaint, but the document is referred in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." Id. (internal citations omitted).

Plaintiff argues that Intsel improperly references materials that are not referred to in the Complaint nor central to Plaintiff's claims.  Plaintiff properly identifies the Bill of Lading and Defendant Cruz's deposition as materials used by Intsel in its Motion.  However, Plaintiff openly lies to the Court as to these documents use in her Complaint.  Plaintiff claims that she did not reference or utilize the Bill of Lading in her Complaint.  Plaintiff overlooks paragraphs 16, 17 and 18 of her Complaint that specifically mentions the Bill of Lading by name and references facts that can only be obtained from the Bill of Lading.  *See*, Id.

Next, Plaintiff claims that she did not reference or make central to her claims the testimony of Defendant Cruz.  Plaintiff and her counsel are playing fast and loose with the Federal Rules and the duty of candor with the Court.  Plaintiff unquestionably cited and relied on the testimony of Defendant Cruz in her Complaint.  Specifically, paragraphs 36 – 42 and 49 rely exclusively on Defendant Cruz's testimony.  This is highlighted by the fact that these paragraphs are directly copied from the Amended Complaint in civil action 25-CV-00997-TPO, specifically paragraphs 60-67 and 74 therein.  *See*, Amended Complaint attached as Exhibit C.  Each of these paragraphs in Exhibit C cite to the specific sections of Defendant Cruz's deposition that provide the alleged information.  Plaintiff's paragraphs indicate that the facts are from a deposition by stating: : "Mr. Cruz-Mendoza confirmed that an agent of Searing provided.." (¶ 38); "According to Mr. Cruz-Mendoza.." (¶ 39); and "According to Mr. Cruz-Mendoza's account.."  Plaintiff and her counsel are playing games by omitting the citation to the deposition in hopes of avoiding a Motion to

Dismiss. The Court should not reward Plaintiff and counsel for their conduct and ignore the fact that Plaintiff is relying on and citing to Defendant Cruz's deposition but omitting the citations thereto as a way to defeat a valid Motion to Dismiss. To do so is to encourage making a mockery of the Federal Rules of Civil Procedure and the duty of candor to the court.

Plaintiff relied on the Bill of Lading and Defendant Cruz's deposition and use of these documents by Intsel is proper in the Motion to Dismiss.

B. <u>Plaintiff's claims against Intsel should be Dismissed</u>

Plaintiff spends little time or effort defending the five claims brought against Intsel. Plaintiff response mirrors the deficiency of the Complaint – Plaintiff relies on conclusory statements and backs it up with no facts. Intsel has provided the Court with facts demonstrating why the five claims fail. Conversely, Plaintiff argues that she has no obligation to provide facts to show that Intsel owes Plaintiff a duty under the law. This is simply incorrect. A Motion to Dismiss does just that - challenges the allegations in the complaint against the claims asserted. It is Plaintiff's obligation to present facts to support the claims. Plaintiff has to rely on conclusory statements rather than facts, because she has no facts to support her claims.

As for the 3rd and 5th claims – based on negligence – Plaintiff cites to valid law that supports imposing a duty on the employer and owner of property. However, Plaintiff provides no facts to support the conclusory statements that Intsel is the employer of Defendant Cruz and owner of the tractor and trailer used by Defendant Cruz in this accident. Intsel has proven these conclusory statements are untrue with the testimony of Defendant Cruz. Plaintiff does not counter these facts,

4

but rather requests time to conduct discovery in the hopes of discovering facts to support these claims.

Highlighting Plaintiff's lack of evidence on these claims is the fact that Plaintiff has alleged that Defendant Monique Trucking, Defendant TQL, Defendant Searing and Intsel are all employers of Defendant Cruz. *See*, Second Amended Complaint [doc. 35] at paragraphs 19, 22 and 23. Further, Plaintiff claims all defendants are also the owners of the tractor and trailer used by Defendant Cruz. *Id*. at paragraphs 15, 19, 21 and 24. In fact the 3rd and 5th claims are against four defendants and three defendants respectively. Plaintiff fails to articulate how four different, unrelated entities can all be Defendant Cruz's employer simultaneously- 3rd claim- or how three different, unrelated entities contracted with Defendant Monique Trucking simultaneously – 5th claim.

Plaintiff's 7th claim fails for similar reasons. First, Plaintiff has failed to present any law that applies the law of negligent undertaking to a claim such as this. Intsel has provided the Court with the limited case law on this are of law, which is limited to cases of Good Samaritan actions. Plaintiff admits that Intsel was not acting as a Good Samaritan. Plaintiff has failed to demonstrate that Colorado law permits a claim under these circumstances. Nonetheless, Plaintiff's 7th claim hinges on the fact that Intsel "hired an unsafe company/driver". *See*, Plaintiff's Response [Doc 56] at page 4. As explained in Intsel's Motion to Dismiss, there are no facts supporting the conclusory statement that Intsel employed Defendant Cruz or selected Defendant Monique Trucking. Rather, the evidence is to the contrary. Intsel did not employ Defendant Cruz – Defendant Monique Trucking did. Intsel did not select Defendant Monique Trucking – Defendant TQL did. Thus, the 7th clam for negligent undertaking fails because Colorado has not recognized

5

this type of claim outside of a Good Samaritan context and Plaintiff does not have facts to support it.

Finally, Plaintiff's 9th claim – for Joint Venture/Enterprise fails too.  Plaintiff properly cites to the elements of a valid joint venture claim: 1. There must be a joint interest in the property by the parties sought to be held as partners; 2. There must be agreements, express or implied, to share in the profits and losses of the venture; and 3. There must be actions and conduct showing co-operation in the project.  *Bainbrich v. Wells*, 476 P.2d 53 (Colo. 1970).  Plaintiff asserts that she has asserted facts to support this claim.  However, all of her "facts" are simply conclusory statements.  Other than making the conclusory statement that mirror these elements, Plaintiff provides no facts.  Plaintiff doesn't provide any facts as to the nature of the alleged joint interest; or the property involved.  Plaintiff doesn't provide any details about the agreement –was it in writing or oral; or, when was the agreement entered into.  And finally, Plaintiff doesn't show or explain the conduct showing cooperation in the project.  Rather, the only actual evidence is the Bill of Lading which lists Intsel as the cosignee.  There are no other facts, just conclusory statements.

C.  The affidavit by Plaintiff's Counsel highlights the lack of evidence.

Finally, Plaintiff provided the Court with an affidavit from her counsel that definitively sets forth the frailty of Plaintiff's Complaint.  Plaintiff's counsel states that she "believes" and "expects" to discover evidence to support Plaintiff's claims against Intsel – if given a chance to conduct discovery.  Counsel acknowledges that she lacks the evidence but "believes" and "expects" to find it later.  That isn't how the civil process works.  Rule 11 requires evidence and facts to support a claim before filing of suit, not after discovery is conducted.  Counsel's request

for the opportunity to conduct discovery is misplaced. Counsel should need discovery to "adequately respond to the factual assertions set forth in Intsel's Motion to Dismiss". The Complaint should be able to do that on its own, but Counsel is acknowledging that the Complaint doesn't.

WHEREFORE, Intsel Steel West, LLC requests that the Court Grant its Motion to Dismiss on all claims against it.

Respectfully submitted this 2nd day of February 2026.

JACHIMIAK PETERSON KUMMER, LLC

 /s/ *Mark J. Jachimiak*
Mark J. Jachmiak, No. 30044
Brandon O. Hawkins, No. 49069
Jachimiak Peterson Kummer,
860 Tabor Street, Suite 200
Lakewood, CO  80401
Phone:  303.863.7700
Fax: (303) 830-8772
Email:  mark@jpk.law
*Attorneys for Defendant Intsel Steel West LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February 2026, I electronically filed the foregoing **DEFENDANT INTSEL STEEL WEST LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| DezaRae LaCrue<br>Franklin D. Azar and Associates, P.C.<br>14426 E. Evans Avenue<br>Aurora, CO 80014<br>Lacrued@fdazar.com | Allison Burke<br>Theodore J. O'Brian<br>TAFT STETTINIUS & HOLLISTER, LLP<br>675 Fifteenth Street, Suite 3200<br>Denver, CO 80202<br>aburke@taftlaw.com<br>tobrian@taftlaw.com |
| Michael J. Decker<br>Gordon A. Queenan<br>Murphy & Decker, P.C.<br>730 17th Street, Suite 925<br>Denver, CO 80202<br>Mdecker@Murphydecker.com<br>gqueenan@Murphydecker.com | Kevin G. Ripplinger<br>Bryan K. Patterson<br>Patterson Ripplinger, P.C.<br>5613 DTC Parkway, Suite 400<br>Greenwood Village, CO 80111<br>kripplinger@prpclegal.com |
| Brittney A. Vig<br>Christopher D. Yvars<br>Wilson, Elser Moskowitz Edelman & Dicker LLP<br>1225 17th Street, Suite 1700<br>Denver, CO 80202 | |

/s *Krystal A. DiPerri*
Krystal A. DiPerri, Legal Assistant