**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02457-NYW-TPO

ANNETTE MARTIN,

Plaintiff,

v.

IGNACIO CRUZ-MENDOZA, MANRIQUE AGRAMON, TQL GLOBAL, LLC, a foreign corporation registered to do business in Colorado; SEARING INDUSTRIES WYOMING, INC., a foreign corporation; and MONIQUE TRUCKING, LLC, a foreign corporation; and INTSEL STEEL-WEST, LLC, a foreign corporation,

Defendants,

---

# SCHEDULING ORDER

---

## 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R. Civ. P. 16(b) Scheduling Conference was held in-person on July 29, 2026, at 10:00 a.m.

For Plaintiff: **DezaRae D. LaCrue** and **Caitlin J. Curley**, Franklin D. Azar and Associates, P.C. 14426 East Evans Ave, Aurora, CO 80014, (303) 759-3300

For Defendant Total Quality Logistics, LLC ("TQL"): **Theodore J. O'Brien**, Taft Stettinius & Hollister LLP, 675 15th Street, Suite 2300, Denver, CO, 80230, (303) 297-2900.

For Defendant Monique Trucking, LLC: **Brittney A. Vig,** Wilson Elser Moskowitz Edelman & Dicker LLP, 1225 17th Street, Suite 1700, Denver, CO 80202, (303) 572-5300

For Defendants Intsel Steel: **Mark J. Jachimiak** of Jachimiak Peterson Kummer, LLC, 860 Tabor Street, Suite 200, Lakewood, CO 80401, (303) 863-7700

For Defendant Searing Industries Wyoming, Inc.: **Gordon A. Queenan**, Murphy & Decker, P.C., 730 17th Street | Suite 925 | Denver, CO 80202, (307) 409-3884.

For Defendant Ignacio Cruz-Mendoza: **Emily E. Useman,** Patterson Ripplinger, P.C., 5613 DTC Parkway, Suite 400,Greenwood Village, CO 80111, (303) 741-4539,

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332, because this dispute is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff Martin:**

Pursuant to the discussion with the Court, Plaintiff Martin has agreed to dismiss Defendant Cruz Mendoza as a party to this matter.

Plaintiff has claims against Defendant Monique, TQL, Searing and Intsel Steel for Negligent and/or Reckless Hiring/Supervision/Retention or Selection of Mr. Cruz-Mendoza and/or Monique Trucking. Plaintiff also has claims for negligent undertaking against Defendant Monique, TQL, Intsel Steel and Defendant Searing. Plaintiff also claims that all Defendants were engaged in a joint venture and/or joint enterprise in the hauling of goods which resulted in injuries to Plaintiff. Plaintiff incorporates all of her specific allegations and claims made in the Second Amended Complaint.

The issues to be tried are Plaintiff Martin’s injuries, damages, and losses caused by Defendants’ negligence, and the amount for those injuries, damages, and losses.

**b. Defendant Monique Trucking LLC**

Monique Trucking LLC is a California limited liability company. On June 11, 2024, Mr. Cruz Mendoza drove a 2012 Peterbilt tractor trailer that was transporting a load of steel pipes from Searing Industries, Inc. in Cheyenne, Wyoming, and destined for Intsel Steel in Farmington, New Mexico, when the subject accident occurred at or near milepost 232 on Highway 285. Monique Trucking, LLC denies Plaintiff's claims for the negligence of Defendant Cruz Mendoza, that it is directly liable to Plaintiff on the claims asserted, or that it was in a joint venture with other named defendants. At least 3 other vehicles involved in the subject accident have initiated legal action, which actions are currently pending in the United States District Court for Colorado and would be properly consolidated with the present action.

Defendant Manrique Agramon has not been served in this matter to date. Plaintiff has previously advised counsel and the Court of her intent to dismiss Manrique Agramon as a defendant in this action.

**c. Defendant Total Quality Logistics, LLC**

Defendant Total Quality Logistics, LLC ("TQL") is a freight broker and was the broker for the steel load driven by Mr. Cruz-Mendoza from Searing Industries, Inc. and destined for Intsel Steel in New Mexico. TQL contends first that Plaintiff's claims against TQL are insufficiently pled under Rule 8(a), *Iqbal*, and *Twombly* and should be dismissed with prejudice. [ECF 43 and 57.] Similarly, Plaintiff improperly groups the Defendants together and fails to make individualized allegations against TQL. Further, TQL denies that it was negligent in any respect and denies that it owed or breached any duty to

Plaintiff in connection with the subject accident. TQL further denies that it exercised control over the manner and means of the motor carrier's or driver's work, denies that any agency, employment, joint venture, or joint enterprise relationship existed between TQL and any other defendant, and denies that it undertook any independent duty giving rise to liability. TQL maintains that its role was limited to that of a freight broker arranging transportation, including broker-level review of carrier qualification and regulatory information, and therefore denies Plaintiff's allegations of negligent hiring, joint enterprise, joint venture, and negligent undertaking.

**d. Defendants Intsel Steel West, LLC**

Defendant Intsel Steel West denies any liability for any of the claims asserted against it. Intsel Steel's sole role in this matter was to purchase steel from Defendant Searing Industries and had no role in the selection or retention of the deliverer of the steel. As such, Defendant Intsel Steel did not employ, select, train or have any contact with the driver of the truck. Further, Defendant Intsel Steel was not involved in a joint venture with any other defendant as it relates to the purchase of the steel being delivered. Accordingly, Defendant Intsel Steel denies that the Second Amended Complaint states any viable claims for relief against it. For this reason, Defendant Intsel Steel has filed a Motion to Dismiss [ECF No. 50], which is fully briefed. Until their Motion to Dismiss has been ruled on, no answer or other pleading is appropriate from Defendant Intsel Steel West.

**e. Searing Industries Wyoming, Inc.**

Searing Industries Wyoming, Inc. is a Wyoming corporation. It sells certain products, which are transported using third-party trucking companies procured by Total

Quality Logistics, LLC. Pursuant to its contract with TQL, TQL and/or the trucking companies it procures are responsible for all aspects of their operation, including vetting and hiring drivers, securing loads, etc. On June 11, 2024, a truck hauling goods sold by Searing was involved in the at-issue accident. Searing, as a mere shipper of goods, had no liability for this accident.

**f. Defendant Ignacio Cruz Mendoza**: Defendant Ignacio Cruz Mendoza ("Cruz") states the accident occurred on June 11, 2024, while he was operating a tractor trailer on southbound Highway 287. At the time of the accident, Cruz was hauling steel pipes from Cheyenne, WY to New Mexico on behalf of Monique Trucking. The brakes of Cruz's truck failed, and his vehicle made contact with a vehicle in front of him and at some point Cruz's load began to spill. Cruz asserts the following defenses:

1. Plaintiff is not entitled to recover any amount paid or provided by a collateral source within contemplation of C.R.S. § 13-21-111.6.

2. Plaintiff's injuries and damages are reduced or barred by any failure to mitigate damages as required by law.

3. Plaintiff's non-economic losses are limited by the provisions of C.R.S. §13-21-102.5.

4. To the extent the injuries and damages sought by Plaintiff are the result of prior, subsequent, and/or unrelated incidents and/or conditions, Plaintiff is not entitled to recover.

5. At the time of the accident, Defendant experienced a sudden failure of the vehicle's brakes.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The subject accident occurred on June 11, 2024.

2. TQL is a broker.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

| | |
|---|---|
| CarePoint Physicians | $1,659.00 |
| Colorado Concussion Clinic | $4,672.00 |
| Elk Creek Fire Protection | $1,977.10 |
| Pinon Family Practice | $358.12 |
| Radiology Imaging Associates | $1,192.00 |
| Swedish Medical Center | $61,869.96 |

**COURT:** Plaintiff shall provide Defendants with more robust computation of her damages as part of her initial disclosures by **August 31, 2026.**

### b. Defendant Monique Trucking LLC

Monique Trucking LLC does not seek damages at this time but reserves the right to recover all fees, costs, and expenses as provided by law.

### c. Defendant Total Quality Logistics, LLC

TQL has not asserted any affirmative claims for damages in this action. TQL seeks no damages from any party and instead seeks dismissal of all claims asserted against it, with prejudice, an award of its taxable costs as permitted by law, and to the extent available under any applicable statute or law, *e.g.*, C.R.S. § 13-17-201, its reasonable attorneys' fees.

### d. Defendants Intsel Steel West, LLC

Defendant Intsel Steel West does not seek damages at this time, but reserves the right to recover all fees, costs and expenses as the prevailing party to Motion to Dismiss, and/or for having to defend against claims that are groundless and frivolous and brought

in violation of Federal Rules of Civil Procedure and applicable law.

**e. Searing Industries Wyoming, Inc.**

Searing does not seek damages at this time but reserves the right to recover all fees, costs, and expenses as permitted by law.

**f. Defendant Ignacio Cruz Mendoza**: Cruz does not seek damages at this time, beyond costs that may be available under applicable law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on July 22, 2026.

**b. Names of each participant and party he/she represented.**

For Plaintiff: DezaRae D. LaCrue and Caitlin J. Curley

For Defendant Total Quality Logistics, LLC: Theodore O'Brien

For Defendant Monique Trucking, LLC: Brittney A. Vig

For Defendant Intsel Steel: Mark J. Jachimiak

For Defendant Searing Industries Wyoming, Inc.: Gordon A. Queenan

For Defendant Ignacio Cruz-Mendoza: Kevin G. Ripplinger

**c. Statement of when Rule 26(a)(1) disclosures will be made.**

The parties agree to exchange initial Rule 26(a)(1) disclosures within 30 days of the July 29, 2026, Scheduling Conference, i.e., **August 31, 2026.**

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None other than timing as stated above.

**e. Statement concerning any agreements to conduct informal discovery.**

No agreements exist at the present time, and the parties will evaluate any opportunities for informal discovery as discovery progresses.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system and explore other ways to cooperate and reduce the costs of litigation and expedite the just disposition of this case.

The parties agree to conduct depositions of out-of-state witnesses by Zoom or similar video conference technology and to evaluate other witness depositions that may be conducted remotely.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that the claims or defenses in this case will involve extensive electronically stored information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have not yet engaged in settlement discussions. Plaintiff's participation in a global mediation to occur with the plaintiffs in the related cases will be requested.

**COURT:** The Court advises the Parties of the option of a Settlement Conference should private mediation not be feasible. In other words, the Parties shall pursue private mediation first before asking the Court for a Settlement Conference. At such later time if the Parties become interested in a Settlement Conference with this Court, they shall jointly contact Magistrate Judge O'Hara's Chambers by email to secure a date and then

file a joint motion to request the Settlement Conference (including reference to the reserved date) to be ruled upon or referred by the District Judge. The Parties shall explain in that motion whether they attempted private mediation and why private mediation is not feasible.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

### a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

For Plaintiff: Plaintiff shall be limited to sixteen (16) fact witness depositions, inclusive of Parties, but exclusive of experts. Defendants, collectively, shall be limited to twenty-five (25) depositions per side, inclusive of Parties but exclusive of experts. Plaintiff shall be limited to twenty-five (25) interrogatories per Defendant.

For Defendant Total Quality Logistics, LLC: TQL's position is that the presumptive limits on depositions and interrogatories should apply in light of the facts of the case and the amount at issue.

For Defendant Monique Trucking, LLC: Defendant agrees that Plaintiff shall be limited to sixteen (16) fact witness depositions, inclusive of Parties, but exclusive of experts. Defendants, collectively, shall be limited to twenty-five (25) depositions per side, inclusive of Parties but exclusive of experts. Plaintiff shall be limited to fifty (50) interrogatories against all Defendants, which is consistent with the discovery ordered and proportional in the related cases.

For Defendant Intsel Steel: The sought discovery by Plaintiff is disproportionate to the damages sought in this matter. The presumptive limits should be sufficient

For Defendant Searing Industries Wyoming: Plaintiff has disclosed approximately $70,000 in economic damages. There is no reason that Plaintiff should be entitled to sixteen fact witness depositions. The presumptive limits should be sufficient.

For Defendant Ignacio Cruz-Mendoza: Cruz was deported to Mexico on or around April 17, 2025. His current whereabouts are unknown and, thus, he is unavailable to respond to any written discovery. Cruz was deposed on March 27, 2025, prior to his release from the Jefferson County Jail.

**COURT:** Plaintiff shall be limited to ten (10) fact witness depositions, inclusive of parties but exclusive of experts. Defendants, collectively, shall be limited to twenty-five (25)

depositions per side, inclusive of parties but exclusive of experts. Plaintiff shall be limited to a total of seventy-five (75) interrogatories and is not to exceed more than twenty (20) interrogatories per Defendant. Defendants TQL, Monique Trucking, LLC, Searing Industries Wyoming, Inc., and Cruz-Mendoza are each limited to a total of fifteen (15) interrogatories. Defendant Intsel is limited to a total of twenty (20) interrogatories. In addition to the interrogatories allowed individually, Defendants cumulatively are permitted a total of fifteen (15) interrogatories to use solely for the issue of determining damages.

**b. Limitations which any party proposes on the length of depositions.**

The parties agree to the limitations contained in the Federal Rules.

For Plaintiff: Limitation of one day up to 7 hours for deposition of the parties, and up to 5 hours for all other depositions. A corporate party who is deposed under Rule 30(b)(6) may be deposed only for up to 7 hours, regardless of the number of representatives designated to testify on the corporations behalf.

For Defendant Total Quality Logistics, LLC: TQL's position is that the presumptive limitation on the length of depositions is sufficient.

For Defendant Monique Trucking, LLC: the presumptive limitations on length of depositions is sufficient.

For Defendant Intsel Steel: the presumptive limitations on length of depositions is sufficient.

For Defendant Searing Industries Wyoming, Inc.: Mr. Cruz was deposed prior to Searing being added as a party to the litigation in which the deposition occurred and without an opportunity to be present. Searing was purportedly given notice the deposition would occur approximately 36 hours before the deposition was to take place, and is seeking to depose Mr. Cruz. Searing believes the presumptive limits for deposition length are acceptable.

For Defendant Ignacio Cruz-Mendoza: Cruz was deposed on March 27, 2025. Cruz was deported to Mexico on or around April 17, 2025, and his current whereabouts are unknown. Cruz asserts all depositions should be limited to one day of seven hours, unless stipulated or upon leave of Court.

**COURT:** Each deposition shall be limited to one day of up to seven (7) hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

For Plaintiff: Plaintiff shall be limited to twenty-five (25) requests for production per Defendant and twenty-five (25) requests for admission per Defendant. Defendants, collectively, shall be limited to one hundred (100) requests for production and one hundred (100) requests for admission.

For Defendant Total Quality Logistics, LLC: TQL agrees with Monique Trucking's position with respect to the number of requests for production and requests for admission.

For Monique Trucking, LLC: Plaintiff shall be limited to fifty (50) requests for production and fifty (50) requests for admission. Defendants, collectively, shall be limited to one hundred (100) requests for production and one hundred (100) requests for admission, which is consistent with the discovery ordered and proportional in the related cases.

For Defendant Intsel Steel: . Each party, including each Defendant is entitled to the limits set forth in the Rules of Civil Procedure. Defendant Intsel Steel was brought into this matter by Plaintiff and should be not hindered in its discovery into the patently false claims and facts asserted against it.

For Defendant Searing Industries: Presumptive limits.

For Defendant Ignacio Cruz-Mendoza: Cruz was deported to Mexico on or around April 17, 2025. His current whereabouts are unknown and, thus, he is unavailable to respond to any written discovery.

**COURT:**

Plaintiff shall be limited to a total of seventy-five (75) requests for production and shall not serve more than twenty (20) requests for production on a singular Defendant. Plaintiff is limited to a total of seventy-five (75) requests for admission and shall not serve more than twenty (20) requests for admission on a singular Defendant.

Defendants TQL, Monique Trucking, LLC, Searing Industries Wyoming, Inc., and Cruz-Mendoza are each limited to a total of fifteen (15) requests for production and fifteen (15) requests for admission.

Defendant Intsel is limited to a total of twenty (20) requests for production and twenty (20) requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** 45 days before discovery cut-off, January 5, 2027

**e. Other Planning or Discovery Orders**

**COURT:**

(1) The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion regarding a discovery dispute, the Parties first shall confer on the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *O'Hara_Chambers@cod.uscourts.gov.* The email should summarize the nature of the dispute and describe the conferral efforts to resolve the matter before seeking judicial intervention. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite discovery conference for discovery that concerns a third party.

(2) The Court requires that all conferral attempts be meaningful. A meaningful conferral is done personally: face-to-face, in a video conference, or over the telephone. See D.C.COLO.MJ, § VI(2); see also *Bautista v. MVT Services,* LLC, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also occurs in a reasonable timeframe before any relevant deadline.

(3) Should the Parties file a Motion for Protective Order, they shall comply with Section V(5) the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

For Plaintiff: If any Defendant seeks a protective order, Plaintiff request the protective order be provided and approved at the outset so production of materials in discovery is not delayed.

A protective order to protect confidential information will be drafted and an accompanying motion for entry of that order will be circulated.

## 9. CASE PLAN AND SCHEDULE

**a. Designation of non-parties at fault**:

September 4, 2026

**b. Deadline for Joinder of Parties and Amendment of Pleadings:**

September 18, 2026

**c. Discovery Cutoff:**

March 8, 2027

**d. Dispositive Motion Deadline:**

April 6, 2027

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

For Plaintiff: Plaintiff anticipates endorsing a trucking expert, a brokerage expert and two medical experts. Plaintiff will her treating medical providers as nonretained experts to discuss her injuries, damages and losses. Plaintiff may also retain a life care planning expert and any expert needed for rebuttal.

For Defendant Total Quality Logistics, LLC: If TQL remains a Defendant in this case, TQL's anticipated field of expert testimony includes a freight broker liability standard of care. TQL reserves the right to supplement this list and/or to retain any necessary rebuttal experts.

For Defendant Monique Trucking, LLC: Monique Trucking, LLC anticipates experts in accident reconstruction and/or biomechanics, trucking industry standards, and medical experts regarding Plaintiff's claimed injuries. Monique Trucking, LLC reserves the right to supplement this list and/or retain any necessary rebuttal experts, including those in any field identified by or designated by any other party.

For Defendant Intsel Steel: Intsel Steel reserves the right to identify areas of experts needed until the Court rules on the Motion to Dismiss and the nature and scope of the remaining claims are understood.

For Defendant Searing Industries Wyoming Inc.: Searing anticipates disclosing a trucking expert, an accident reconstructionist, and a medical expert. Searing reserves the right to disclose an expert in any field in which another party discloses an expert.

For Defendant Ignacio Cruz-Mendoza: Cruz proposes the following fields for expert testimony: (a) accident reconstruction; (b) DOT/FMCSA; (c) human factors; and (d) medical expert(s) regarding Plaintiff's claimed injuries.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Each party shall not exceed one witness in each category or field of expert testimony.

For Plaintiff: No more than one expert per side per subject matter area of expertise. Each party shall be limited to no more than 6 retained experts.

For Defendant Total Quality Logistics, LLC: TQL agrees with Monique Trucking, LLC's and Searing Industries' positions opposing a limitation of experts based on the "side," rather than limited to the party, which would unnecessarily limit the Defendants' ability to present evidence as to their own specific, distinct defenses.

For Defendant Monique Trucking, LLC: Monique Trucking, LLC objects to any limitations on experts "per side," as the precise issues appropriate for expert testimony may differ according to the claims against each Defendant and joint retention may not be agreeable or appropriate for all parties.

For Defendant Intsel Steel: Intsel Steel agrees with the position of TQL and Monique Trucking, as each Defendant has different issues to address and no one expert can address the individual needs of each Defendant.

For Defendant Searing Industries Wyoming, Inc.: Searing objects to the 'one expert per side' limitation proposed by Plaintiff. This would force six defendants, who have competing liability theories, to share experts. This is untenable. Searing is willing to discuss sharing experts with the other defendants where feasible, but cannot agree to share experts as a blanket rule. Searing proposes that each party be limited to one expert per area of expertise.

For Defendant Ignacio Cruz-Mendoza: None at this time.

**COURT:** Each party shall be limited to four (4) retained experts. Each party shall not exceed one (1) witness in each category or field of expert testimony.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

November 16, 2026

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

December 16, 2026

**e. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| Plaintiff Annette Martin<br>1. 30(b)(6) of TQL Global<br>2. 30(6)(b) of Monquie Trucking<br>3. 30(6)(b) of Intsel Steel<br>4. 30(6)(b) of Triple Steel<br>5. 30(6)(b) of Searing Industries<br>6. Defendants' retained experts<br>7. Fact witnesses | <br>2-4 hours<br>2-4 hours<br>2-4 hours<br>2-4 hours<br>2-4 hours<br>2-4 hours each<br>2-4 hours each |
| Defendant Total Quality Logistics, LLC:<br>Plaintiff<br>Plaintiff's expert(s)<br>Investigating officers and other fact witnesses<br>TQL reserves the right to depose additional deponents based on information learned through discovery and disclosures, and as necessary to establish any defenses or discover any facts. | <br>7 hours<br>TBD<br>TBD |
| Defendant Monique Trucking, LLC:<br>1. Plaintiff Annette Martin<br>2. Plaintiffs in related cases<br>3. Investigating officers and other fact witnesses<br>4. Experts | <br>7 hours<br>7 hours<br>TBD<br>TBD |
| Defendant Intsel Steel: Defendant Intsel Steel West reserves the right to identify persons to be deposed until the Court rules on the Motion to Dismiss and the exact claims are known. | |
| | |
| Defendant Searing Industries:<br>1. Plaintiff<br>2. Cruz Mendoza<br>3. Plaintiff's experts | <br>7 hours<br>7 hours<br>TBD |
| Defendant Ignacio Cruz-Mendoza<br>1. Plaintiff<br>2. Plaintiff's retained experts | <br>5 hours<br>TBD |

## 10. DATES FOR FURTHER CONFERENCES

a. **A Status Conference is set for October 1, 2026, at 9:30 a.m.** The Court will hold a Status Conference on October 1, 2026 at 10:30 a.m. in Courtroom C-402, on the fourth floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado, 80294. It will be an in-person proceeding. Closer to that time, should the Parties determine that the Status Conference is unnecessary, they may jointly contact Chambers to vacate it.

**b.** If no dispositive motions are filed, then no later than **seven days** after the dispositive motions deadline has passed, the Parties shall file a joint motion for a status conference for purposes of setting firm dates for the Final Pretrial/Trial Preparation Conference and the trial. If dispositive motions are filed, the Court will *sua sponte* set the status conference when resolving the dispositive motion(s), should the dispositive motion(s) not fully dispose of the case. *See* Section B.2 of District Judge Wang's Standing Order Regarding Trial and Pre-Trial Procedures.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

Discovery and scheduling issues are outlines in paragraphs 8(a), (b), and (c).

**b. Anticipated length of trial and whether trial is to the court or jury.**

10-day jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None identified at this time.

**d. Other matters:**

Monique Trucking, LLC conferred regarding consolidation of this action for purposes of discovery with the Related Cases:

**a. DEANN MILLER, as surviving spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUTRIES, INC., and IGNACIO CRUZ-MENDOZA**

United States District Court the District of Colorado, 1:25-cv-00997-NYW-TPO

**b. REBECCA FRIEDERICH and AIDAN FRIEDERICH v. MONIQUE TRUCKING, LLC, and IGNACIO CRUZ-MENDOZA**

United States District Court for the District of Colorado, 1:25-cv-01639-NYW-TPO

**c. SPENCER MOORE v. IGNACIO CRUZ-MENDOZA and MONIQUE TRUCKING, LLC**

United States District Court for the District of Colorado, 1:25-cv-01088-NYW-TPO

While Monique Trucking believes consolidation is also appropriate for trial, it agrees to reserve that motion until after completion of all or substantial discovery.

**<u>COURT</u>**: The Court encourages the Parties to confer and written and oral discovery to avoid unnecessary duplication of discovery between this matter and the other, related cases.

The Court **orders** counsel to advise all counsel, including counsel on the related cases, of notices of depositions.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 7th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge